Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@CivilRightsDefenseFirm.com
(888) 202-9297 ext 81114
(610) 400-8439 (f)

Adam Kraut, Esq.
Attorney Id. No. 318482
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
Akraut@fpclaw.org
(916) 476-2342

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MADISON M. LARA,** | : | |
| | : | |
| **SOPHIA KNEPLEY,** | : | |
| | : | |
| **LOGAN D. MILLER,** | : | |
| | : | |
| **SECOND AMENDMENT FOUNDATION, and,** | : | 20-1582 |
| | : | |
| **FIREARMS POLICY COALITION** | : | |
| Plaintiffs | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COL. ROBERT EVANCHICK,** | : | Civil Rights Complaint |
| Commissioner of Pennsylvania State Police | : | 42 U.S.C. § 1983 |
| Defendant | : | |

## COMPLAINT

COME NOW Plaintiffs Madison Lara, Sophia Knepley, Logan Miller, Second Amendment Foundation, and Firearms Policy Coalition, on behalf of themselves and those similarly situated, by and through their attorneys, Joshua Prince of Civil Rights Defense Firm, P.C., and Adam Kraut of Firearms Policy Coalition, and complain of Defendant Robert Evanchick as follows:

## INTRODUCTION

1. This is an action to uphold Plaintiffs', and those who are similarly situated, right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *D.C. v. Heller,* 554 U.S. 570, 635 (2008).

2. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id*. at 584.

3. In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second

Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment. The "right to keep and bear arms is a privilege of American citizenship that applies to the States through the Fourteenth Amendment's Privileges or Immunities Clause." *Id*. at 806 (Thomas, J., concurring).

4. "The very enumeration of the right [to keep and bear arms] takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Heller*, 554 U.S. at 634. "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634-35.

5. The "central" – but not the only – holding of the Supreme Court in *Heller* was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald*, 561 U.S. at 780. The Second Amendment also "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

6. This is particularly true when it comes to handguns, as the *Heller* Court has explicitly recognized the handgun as "the quintessential self-defense weapon" in the United States, and that a complete prohibition on their carry and use is necessarily invalid. *Id*. at 629.

7. Defendant has prohibited, absent a license to carry firearms, a particular class of persons, including Plaintiffs and those similarly situated, from carrying a firearm in their pockets for the purpose of being armed and ready for offensive or defensive action in case of conflict with another person, in direct violation of the Second and Fourteenth Amendments to the United States Constitution

8. Specifically, even though the U.S. Supreme Court in *Heller* declared that to "bear arms" includes the "carry [of a firearm] ... in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person," Plaintiffs and those similarly situated are required, pursuant to 18 Pa.C.S. § 6109, to obtain a license to carry firearms to be able to carry a firearm in their pockets for purposes of being armed and ready for offensive or defensive action in case of conflict with another person.

9. Defendant has likewise prohibited a particular class of persons, including Plaintiffs and those similarly situated, from transporting firearms, unless

going directly to and directly back from very limited locations, as specified in 18 Pa.C.S. § 6106, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

10. Although Section 6106(a) provides an exception, where an individual has obtained a license to carry firearms pursuant to 18 Pa.C.S. § 6109, Defendant has likewise prohibited a particular class of persons, including Plaintiffs Lara, Knepley, and Miller, along with those who are similarly situated, from obtaining a license to carry firearms, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

11. Throughout American history, arms carrying was a right available to all peaceable citizens. Sometimes, it was even a duty. *See e.g.*, David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495, 573–577, 587 (2019) (listing statutes requiring arms carrying by members of the general public to travel, work in the fields, work on roads and bridges, attend church, and attend court).

12. Moreover, young adults between 18 and 21 were fully protected by the Second Amendment at the time of its ratification. Hundreds of statutes from the colonial and founding eras required 18-to-20-year-olds to keep and bear arms. *See generally id.*

13. Only dangerous persons have historically been deprived of the right to bear arms. Peaceable persons have always been free to carry arms for self-defense and other lawful purposes. The tradition of disarming violent and dangerous persons was practiced from medieval England through mid-20th century America, but there is no tradition of disarming nonviolent people like Plaintiffs Lara, Knepley, and Miller. *See generally* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYO. L. REV. 249 (2020).

14. Specifically, even though the U.S. Supreme Court in *Heller* declared that to "bear arms" includes the "carry [of a firearm] ... in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person," Plaintiffs Lara, Knepley, and Miller, as well as those similarly situated, are precluded, pursuant to Section 6109(b), from obtaining a license to carry firearms – which is required by the Defendant so that they may carry a firearm in their pocket – as although they are all over the age of eighteen, they are under the age of twenty-one.

15. Furthermore, a violation of Section 6106(a) is either a misdemeanor of the first degree or a felony of the third degree, for which a conviction of either would prohibit the Plaintiffs, and those similarly situated, from being able to

purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

16. 18 Pa.C.S. § 6107 prohibits the "carry[ing of] a firearm upon the public streets or upon any public property during an emergency proclaimed by a State or municipal governmental executive." As Pennsylvania has been under a constant state of emergency, proclaimed by Governor Tom Wolf, since January 10, 2018,[1] as well as, an additional state of emergency, proclaimed by Governor Tom Wolf, related to COVID-19 since March 6, 2020,[2] Section 6107 additionally and currently restricts the Plaintiffs, and those similarly situated, from transporting or carrying firearms – even for purposes of self-defense – upon the public streets and public property, except for the limitedly allowed locations as specified in Section 6106(b), in direct violation of the Second and Fourteenth Amendments to the United States Constitution, as held by the U.S. Supreme Court in *Heller* and *McDonald*.

17. Furthermore, while Section 6107(a)(1) exempts those who are "[a]ctively engaged in defense of that person's life or property from peril or threat," by

---

[1] *See*, https://www.governor.pa.gov/newsroom/governor-wolf-declares-heroin-and-opioid-epidemic-a-statewide-disaster-emergency; https://www.governor.pa.gov/newsroom/gov-wolf-signs-8th-opioid-disaster-declaration-renewal-vows-continued-concerted-efforts.

[2] *See*, https://www.governor.pa.gov/newsroom/gov-wolf-signs-covid-19-disaster-declaration-to-provide-increased-support-for-state-response

merely carrying a firearm for purposes of self-defense, an individual is not actively engaged in defense of their life or property and therefore precluded from having a firearm for the purposes of self-defense when outside their home or business.

18. A violation of Section 6107, pursuant to 18 Pa.C.S. § 6119, is a misdemeanor of the first degree, for which a conviction would prohibit the Plaintiffs, and those similarly situated, from being able to purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

19. The current restrictions found in Sections 6106, 6107, and 6109 infringe upon the individual's right to keep and bear arms, as they arbitrarily deny entire classes of persons in direct defiance of *Heller* and without regard to the particular circumstances of those individuals.

## **PARTIES**

20. Plaintiff Madison M. Lara, ["Ms. Lara"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of Verona, Pennsylvania and the United States, and a member of Firearms Policy Coalition. Ms. Lara has never been charged with nor convicted of any misdemeanor or felony offense. [3] It is Ms. Lara's present intention and desire to procure a license to carry firearms and to be able to lawfully transport firearms and/or carry a

---

[3] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit A.

firearm, including for purposes of self-defense, without violating the law. As a result of Defendant's active enforcement of Section 6109(b), she is precluded from obtaining a license to carry firearms and therefore is subject to the transportation and carry restrictions specified in Sections 6106 and 6107, for which Defendant is also actively enforcing; thereby, *inter alia*, precluding her from carrying a firearm for purposes of self-defense.

21. Plaintiff Logan Miller, ["Mr. Miller"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of Boyertown, Pennsylvania and the United States, and a member of Firearms Policy Coalition. Mr. Miller has never been charged with nor convicted of any misdemeanor or felony offense. [4] It is Mr. Miller's present intention and desire to procure a license to carry firearms and to be able to lawfully transport firearms and/or carry a firearm, including for purposes of self-defense, without violating the law. As a result of Defendant's active enforcement of Section 6109(b), he is precluded from obtaining a license to carry firearms and therefore is subject to the transportation and carry restrictions specified in Sections 6106 and 6107, for which Defendant is also actively enforcing; thereby, *inter alia*, precluding him from carrying a firearm for purposes of self-defense.

---

[4] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit B.

22. Plaintiff Sophia Knepley, ["Ms. Knepley"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of Denver, Pennsylvania and the United States, and a member of Firearms Policy Coalition. Ms. Knepley has never been charged with nor convicted of any misdemeanor or felony offense.[5] It is Ms. Knepley's present intention and desire to procure a license to carry firearms and to be able to lawfully transport firearms and carry a firearm, including for purposes of for self-defense, without violating the law. As a result of Defendant's active enforcement of Section 6109(b), she is precluded from obtaining a license to carry firearms and therefore is subject to the transportation and carry restrictions specified in Sections 6106 and 6107, for which Defendant is also actively enforcing; thereby, *inter alia*, precluding her from carrying a firearm for purposes of self-defense.

23. Plaintiff Second Amendment Foundation ["SAF"] is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control. SAF has over

---

[5] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit C.

650,000 members and supporters nationwide, including thousands of members in Pennsylvania. SAF brings this action on behalf of itself and its members, including the named Plaintiffs herein.

24. Plaintiff Firearms Policy Coalition Firearms Policy Coalition, Inc. ["FPC"] is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights— especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Pennsylvania. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed firearm retailers, and others—and brings this action on behalf of itself, its members, including the named Plaintiffs herein, supporters who possess all the indicia of membership, and similarly situated members of the public. FPC's members and supporters have been adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein. FPC

has expended and diverted resources because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

25. Defendant Colonel Robert Evanchick ["Col. Evanchick", "Commissioner", or "Defendant"] is the head and Commissioner of the Pennsylvania State Police ["PSP'], and sued in that official capacity. As Commissioner of the PSP, Col. Evanchick, in addition to being responsible for assisting the Pennsylvania Governor in enforcing the laws of the Commonwealth of Pennsylvania, is responsible for the implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the PSP and the Commonwealth, *inter alia*, in relation to the Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.* and the Pennsylvania Instant Check System. As Commissioner of the PSP, Col. Evanchick is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

## JURISDICTION AND VENUE

26. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

27. This action for violation of Plaintiffs' constitutional rights is brought under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28

U.S.C. §§ 2201 and 2202, as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania.

## STATEMENT OF FACTS RELATING TO PLAINTIFF MADISON R. LARA

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. Ms. Lara:

   a. Is a United States citizen;

   b. Is over the age of 18 but under the age of 21;

   c. Is not under indictment;

   d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

   e. Has never been convicted of a crime punishable by more than one (1) year;

   f. Is not a fugitive from justice;

   g. Is not an unlawful user of, or addicted to, any controlled substance;

   h. Has not been adjudicated a mental defective or been committed to a mental institution;

    i.  Has not been discharged from the Armed Forces under dishonorable conditions;

    j.  Has never renounced her citizenship; and,

    k.  Is not the subject of a restraining order relating to an intimate partner.

31.  Ms. Lara lawfully owns a rifle and handgun.

32.  It is Ms. Lara's present intention and desire to procure a license to carry firearms in order to be able to lawfully transport firearms without violating the law and to lawfully carry a firearm for self-defense of herself and her family.

33.  Ms. Lara also desires to be able to lawfully transport all of her firearms within the Commonwealth, without restriction, including, but not limited to, being able to:

    a.  Transport an unloaded firearm on the public streets and public property.

    b.  With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from:

        i.  A range;

       ii.  Target shooting;

      iii.  A place of purchase to his home or place of business;

      iv.  A place of repair, sale or appraisal;

      v.   A place of abode or business to another; and,

     vi.   A place where she desires to hunt.

  c.   With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where she may otherwise lawfully possess and carry a firearm, including, but not limited to:

      i.   Friends' houses;

     ii.   Businesses; and,

    iii.   From a successful hunt to a business that processes/butchers the successfully taken game.

  d.   Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth a loaded firearm to protect herself and her family.

34.  However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding Ms. Lara from obtaining a license to carry firearms and therefore subjecting Ms. Lara to the transportation and carry restrictions specified in Sections 6106 and 6107, for which Defendant is also actively enforcing, and which criminalizes Ms. Lara's desired conduct to lawfully transport and carry firearms to and from the aforementioned locations and activities, as well as, for purposes of self-defense.

35. As a result of Defendant's current enforcement of Sections 6106 and 6107, if Ms. Lara attempts any of the conduct specified in ¶ 33, *supra*, she will be subjected to felony of the third degree criminal charges, pursuant to Section 6106(a)(1).

36. Thus, although Ms. Lara can vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends she should be barred, by operation of 18 Pa.C.S. § 6109(b), from obtaining a license to carry firearms and is therefore subjected to Sections 6106 and 6107, which restrict her right, in total, to lawfully transport firearms throughout this Commonwealth.

37. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and irresponsible to transport and carry firearms, even though, they would,

overnight, become mature and responsible enough if they were to join the military.

38. Ms. Lara is a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest she poses any threat or danger.

39. Ms. Lara desires to obtain a license to carry firearms, so that she would be exempt from the restrictions imposed by Sections 6106 and 6107 and able to carry a loaded firearm for her self-defense and protection.

40. Ms. Lara has abstained from the conduct specified in ¶ 33 *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6107, instigated and directed by Defendant, should she attempt the conduct specified in ¶ 33, *supra*.

41. Ms. Lara is unwilling to attempt the conduct specified in ¶ 33, *supra*, because doing so would subject her to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6107.

## STATEMENT OF FACTS RELATING TO PLAINTIFF LOGAN D. MILLER

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Mr. Miller:

   a. Is a United States citizen;

    b. Is over the age of 18 but under the age of 21;

    c. Is not under indictment;

    d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Has never been convicted of a crime punishable by more than one (1) year;

    f. Is not a fugitive from justice;

    g. Is not an unlawful user of, or addicted to, any controlled substance;

    h. Has not been adjudicated a mental defective or been committed to a mental institution;

    i. Has not been discharged from the Armed Forces under dishonorable conditions;

    j. Has never renounced his citizenship; and,

    k. Is not the subject of a restraining order relating to an intimate partner.

44. Mr. Miller owns a couple handguns and a rifle.

45. It is Mr. Miller's present intention and desire to procure a license to carry firearms in order to be able to lawfully transport firearms without violating the law and to lawfully carry a firearm for self-defense of himself and his family.

46. Mr. Miller also desires to be able to lawfully transport all of his firearms within the Commonwealth, without restriction, including, but not limited to, being able to

a. Transport an unloaded firearm on the public streets and public property.

b. With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from:

   i. A range;

   ii. Target shooting;

   iii. A place of purchase to his home or place of business;

   iv. A place of repair, sale or appraisal;

   v. A place of abode or business to another; and,

   vi. A place where he desires to hunt.

c. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where he may otherwise lawfully possess and carry a firearm, including, but not limited to

   i. Friends' houses;

   ii. Businesses; and,

   iii. From a successful hunt to a business that processes/butchers the successfully taken game.

19

    d.  Travel in a mode of transportation and carry on the public streets and

       public property throughout the Commonwealth a loaded firearm to

       protect himself and his family.

47.  However, as a result of Defendant's active enforcement of Section 6109(b),

    Defendant is precluding Mr. Miller from obtaining a license to carry

    firearms and therefore subjecting Mr. Miller to the transportation and carry

    restrictions specified in Sections 6106 and 6107, for which Defendant is also

    actively enforcing, and which criminalizes Mr. Miller's desired conduct to

    lawfully transport and carry firearms to and from the aforementioned

    locations and activities, as well as, for purposes of self-defense.

48.  As a result of Defendant's current enforcement of Sections 6106 and 6107, if

    Mr. Miller attempts any of the conduct specified in ¶ 46 *supra*, he will be

    subjected to felony of the third degree criminal charges, pursuant to Section

    6106(a)(1), and misdemeanor of the first degree charges, pursuant to Section

    6119.

49.  Thus, although Mr. Miller can vote, serve on a jury, hold public office,

    marry and have children, sign legally binding contracts, join or be drafted

    into the armed forces or called upon for federal and state militia service, [6]

    and even be held fully accountable before the law for criminal matters to the

---

[6] *See*, 10 U.S.C. § 246.

point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends he

should be barred, by operation of 18 Pa.C.S. § 6109(b), from obtaining a

license to carry firearms and is therefore subjected to Sections 6106 and

6107, which restricts his right, in total, to lawfully transport firearms

throughout this Commonwealth.

50. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. §

6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-

related offenses and are thereby considered mature enough to be held fully

accountable for their criminal actions; yet, Defendant contends that even the

most law-abiding 18-to-20-year-olds are categorically too immature and

irresponsible to transport and carry firearms, even though, they would,

overnight, become mature and responsible enough if they were to join the

military.

51. Mr. Miller is a responsible, law-abiding, peaceable citizen with no history of

violent behavior or other conduct that would suggest he poses any threat or

danger.

52. Mr. Miller desires to obtain a license to carry firearms, so that he would be

exempt from the restrictions imposed by Sections 6106 and 6107 and able to

carry a loaded firearm for his self-defense and protection.

53. Mr. Miller has abstained from the conduct specified in ¶ 46, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6107, instigated and directed by Defendant, should he attempt the conduct specified in ¶ 46, *supra*.

54. Mr. Miller is unwilling to attempt the conduct specified in ¶ 46, *supra*, because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6107.

## STATEMENT OF FACTS RELATING TO PLAINTIFF SOPHIA KNEPLEY

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Ms. Knepley:

    a. Is a United States citizen;

    b. Is over the age of 18 but under the age of 21;

    c. Is not under indictment;

    d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Has never been convicted of a crime punishable by more than one (1) year;

    f. Is not a fugitive from justice;

g.  Is not an unlawful user of, or addicted to, any controlled substance;

h.  Has not been adjudicated a mental defective or been committed to a mental institution;

i.  Has not been discharged from the Armed Forces under dishonorable conditions;

j.  Has never renounced her citizenship; and,

k.  Is not the subject of a restraining order relating to an intimate partner.

57.  Ms. Knepley lawfully owns a handgun.

58.  It is Ms. Knepley's present intention and desire to procure a license to carry firearms in order to be able to lawfully transport firearms without violating the law and to lawfully carry a firearm for self-defense of herself and her family.

59.  Ms. Knepley also desires to be able to lawfully transport all of her firearms within the Commonwealth, without restriction, including, but not limited to, being able to

a.  Transport an unloaded firearm on the public streets and public property.

b.  With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from:

i.  A range;

      ii.  Target shooting;

     iii.  A place of purchase to his home or place of business;

     iv.  A place of repair, sale or appraisal;

      v.  A place of abode or business to another; and,

     vi.  A place where she desires to hunt.

c.  With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where he may otherwise lawfully possess and carry a firearm, including, but not limited to

      i.  Friends' houses;

     ii.  Businesses; and,

     iii.  From a successful hunt to a business that processes/butchers the successfully taken game.

d.  Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth a loaded firearm to protect herself and her family.

60.  However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding Ms. Knepley from obtaining a license to carry firearms and therefore subjecting Ms. Knepley to the transportation and carry restrictions specified in Sections 6106 and 6107, for which Defendant is also actively enforcing, and which criminalizes Ms. Knepley's desired

conduct to lawfully transport firearms to and from the aforementioned locations and activities, including for purposes of self-defense.

61. As a result of Defendant's current enforcement of Sections 6106 and 6107, if Ms. Knepley attempts any of the conduct specified in ¶ 59, *supra*, she will be subjected to felony of the third degree criminal charges, pursuant to Section 6106(a)(1).

62. Thus, although Ms. Knepley can vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for state federal and  service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends she should be barred, by operation of 18 Pa.C.S. § 6109(b), from obtaining a license to carry firearms and is therefore subjected to Sections 6106 and 6107, which restrict her right, in total, to lawfully transport firearms throughout this Commonwealth.

63. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and

irresponsible to transport and carry firearms, even though, they would, overnight, become mature and responsible enough if they were to join the military.

64. Ms. Knepley is a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest she poses any threat or danger.

65. As Ms. Knepley is attending Alvernia College in Reading, Pennsylvania, she desires to obtain a license to carry firearms, so that she would be exempt from the restrictions imposed by Sections 6106 and 6107 and able to carry a loaded firearm for her self-defense and protection.

66. According to the FBI's 2018 crime statistics, [7] the City of Reading had 19 murders and non-negligent manslaughters, 53 rapes, 221 robberies, 328 aggravated assaults, and 603 burglaries.

67. Ms. Knepley has abstained from the conduct specified in ¶ 59, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6107, instigated and directed by Defendant, should she attempt the conduct specified in ¶ 59, *supra*.

68. Ms. Knepley is unwilling to attempt the conduct specified in ¶ 59, *supra*, because doing so would subject her to arrest, prosecution, fine and

---

[7] Available at https://ucr.fbi.gov/crime-in-the-u.s/2018/crime-in-the-u.s.-2018/topic-pages/tables/table-6.

incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6107.

## STATEMENT OF FACTS RELATING TO
## PLAINTIFF SECOND AMENDMENT FOUNDATION

69. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. SAF is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

72. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control.

73. SAF has members and supporters throughout the United States, whom reside both within and outside Pennsylvania.

74. SAF represents its members and supporters, which include gun owners, prospective gun owners, licensed firearms retailers, and others.

75. SAF brings this action on behalf of itself, and its members and supporters, including the named Plaintiffs herein.

76. SAF's members and supporters, and those similarly situated, have been adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

77. SAF fears the prosecution of its members and supporters, and those similarly situated, by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

78. SAF has expended and diverted resources because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

## STATEMENT OF FACTS RELATING TO
## PLAINTIFF FIREARMS POLICY COALITION

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. FPC is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California.

81. The purposes of FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

82. FPC has members throughout the United States, who reside both within and outside Pennsylvania.

83. FPC represents its members and supporters, who include gun owners, prospective gun owners, licensed firearm retailers, and others.

84. FPC brings this action on behalf of itself, its members, including the named Plaintiffs herein, supporters who possess all the indicia of membership, and similarly situated members of the public.

85. FPC's members and supporters, and those similarly situated, have been adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

86. FPC fears the prosecution of its members and supporters, and those similarly situated, by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

87. FPC has expended and diverted resources because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

**COUNT I: 18 PA.C.S. § 6107 IS UNCONSTITUTIONAL**
**FACIALLY AND *AS-APPLIED***
**PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS**
**(*Plaintiffs v. Defendant*)**

88. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

89. The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."

90. The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is for self-defense. *Heller*, 554 U.S. at 581.

91. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

92. In *McDonald*, the Supreme Court held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment. 561 U.S. at 791; *Id*. at 806 (Thomas, J., concurring).

93. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

94. Pennsylvania has been under a constant state of emergency, proclaimed by Governor Tom Wolf, since January 10, 2018, [8] as well as, an additional state of emergency, proclaimed by Governor Tom Wolf, related to COVID-19

---

[8] *See*, https://www.governor.pa.gov/newsroom/governor-wolf-declares-heroin-and-opioid-epidemic-a-statewide-disaster-emergency; https://www.governor.pa.gov/newsroom/gov-wolf-signs-8th-opioid-disaster-declaration-renewal-vows-continued-concerted-efforts.

since March 6, 2020; [9] thereby, each individually, triggering Section 6107. A copy of the most recent Opioid Proclamation is attached hereto and incorporated herein as Exhibit D. A copy of the COVID-19 Proclamation is attached hereto and incorporated herein as Exhibit E.

95. Plaintiffs Lara, Knepley, and Miller, along with those similarly situated, are law-abiding, peaceable citizens of Pennsylvania and the United States that lawfully own, possess, and utilize firearms and ammunition, and who wish to be able to transport and carry firearms and ammunition on public streets and public property throughout this Commonwealth without being subjected to criminal prosecution, of a felonious nature, simply because Defendant contends they are ineligible for a license to carry firearms.

96. Defendant Col. Evanchick has violated Plaintiffs', and those who are similarly situated, right to keep and bear arms by precluding them from being able to transport and carry a firearm on the public streets and public property – even for purposes of self-defense – because Defendant refuses to issue licenses to carry firearms to Plaintiffs and Plaintiffs cannot know when and where they may be attacked and therefore cannot seemingly meet the exception of being "[a]ctively engaged in a defense of that person's life or property from peril or threat."

---

[9] *See*, https://www.governor.pa.gov/newsroom/gov-wolf-signs-covid-19-disaster-declaration-to-provide-increased-support-for-state-response.

97. Defendant's enforcement of Sections 6107 and 6109 and the regulations, customs, practices, and policies related thereto, is an infringement and an impermissible burden on Plaintiffs', and those who are similarly situated, right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the U.S. Constitution, especially in light of the fact that it prevents Plaintiffs from "wear[ing], bear[ing], or carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

98. Moreover, the Defendant's current enforcement of Section 6107 and the regulations, customs, practices, and policies related thereto forces Plaintiffs, and those similarly situated, to either comply with the draconian and unconstitutional mandate – thereby being prevented from defending themselves and their loved ones – or be subjected to misdemeanor prosecution, which, if convicted thereof, will prohibit them, in perpetuity, from purchasing, possessing, and utilizing firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

99. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Plaintiffs', and those who are similarly situated, Second and Fourteenth Amendment rights, Plaintiffs, and those similarly

situated, have suffered – and continue to suffer – from an unlawful

deprivation of their fundamental constitutional right to keep and bear arms.

100. Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct

result of prosecuting the present court action.

### COUNT II: 18 PA.C.S. § 6106 IS UNCONSTITUTIONAL FACIALLY AND *AS-APPLIED* PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS
### (*Plaintiffs v. Defendant*)

101. The foregoing paragraphs are hereby incorporated herein as if set forth in

full.

102. The Second Amendment states that "the right of the people to keep and bear

arms shall not be infringed."

103. The Supreme Court has held that the right to keep and bear arms is a

fundamental right, the core of which is for self-defense. *Heller*, 554 U.S. at

581.

104. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or

carry ... upon the person or in the clothing or in a pocket, for the purpose ...

of being armed and ready for offensive or defensive action in a case of

conflict with another person." 554 U.S. at 584.

105. In *McDonald*, the Supreme Court held that the Second Amendment is

incorporated as fully applicable to the states through the Fourteenth

Amendment. 561 U.S. at 791; *Id*. at 806 (Thomas, J., concurring).

106. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

107. Plaintiffs, and those similarly situated, are law-abiding, peaceable citizens of Pennsylvania and the United States that lawfully own, possess, and utilize firearms and ammunition, and who wish to be able to transport firearms and ammunition throughout this Commonwealth without being subjected to criminal prosecution, of a felonious nature, simply because they are ineligible for a license to carry firearms and wish to transport firearms to locations and activities not permitted by Section 6106.

108. Defendant Col. Evanchick has violated Plaintiffs', and those who are similarly situated, right to carry a firearm in their pockets for purposes of self-defense by requiring that they obtain a license to carry firearms in order for them to do so.

109. Defendant Col. Evanchick has violated Plaintiffs', and those who are similarly situated, rights by precluding them from transporting firearms and ammunition, unless going directly to and directly back from very limited locations and activities, as specified in 18 Pa.C.S. § 6106.

110. Defendant's enforcement of Sections 6106 and 6109 and the regulations, customs, practices, and policies related thereto, is an infringement and an impermissible burden on Plaintiffs', and those who are similarly situated,

right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the U.S. Constitution, especially in light of the fact that it prevents Plaintiffs from "wear[ing], bear[ing], or carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

111. Moreover, the Defendant's current enforcement of Section 6106 and the regulations, customs, practices, and policies related thereto forces Plaintiffs, and those similarly situated, to either comply with the draconian and unconstitutional mandate – thereby being prevented from defending themselves and their loved ones – or be subjected to felony prosecution.

112. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Plaintiffs', and those who are similarly situated, Second and Fourteenth Amendment rights, Plaintiffs, and those similarly situated, have suffered – and continue to suffer – from an unlawful deprivation of their fundamental constitutional right to keep and bear arms.

113. Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct result of prosecuting the present court action.

## COUNT III: IN THE ALTERNATIVE, 18 PA.C.S. § 6109
## IS UNCONSTITUTIONAL FACIALLY AND *AS-APPLIED*
## PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS
### (*Plaintiffs v. Defendant*)

114.  The foregoing paragraphs are hereby incorporated herein as if set forth in full.

115.  In the alternative, Defendant Col. Evanchick has violated Plaintiffs', and those who are similarly situated, rights by requiring that they obtain a license to carry firearms to be exempt from Sections 6106 and 6107 and for purposes of carrying a firearm, in their pockets, for purposes of self-defense by precluding them on a basis of Section 6109(b).

116.  The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is for self-defense.  *Heller*, 554 U.S. at 581.

117.  In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

118.  In *McDonald*, the Supreme Court held that the Second Amendment is incorporated as applicable to the states by the Due Process and Privileges and Immunities clauses of the Fourteenth Amendment. 561 U.S. at 791; *Id.* at 806 (Thomas, J., concurring).

36

119. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

120. Plaintiffs, and those similarly situated, are law-abiding, peaceable citizens of Pennsylvania and the United States that lawfully own, possess, and utilize firearms and ammunition, and who wish to be able to transport and carry firearms and ammunition, in the absence of a license to carry firearms, throughout this Commonwealth without being subjected to criminal prosecution, of a felonious nature, simply because they wish to transport firearms to locations and activities not permitted by Sections 6106 and 6107 and to carry firearms for their own self-defense.

121. Plaintiffs, and those similarly situated, are able to vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591); yet, Defendant contends they are barred – by operation of 18 Pa.C.S. § 6109(b) for being under twenty-one years of age – from obtaining a license to carry firearms and therefore subjecting them to Sections 6106 and 6107, which restricts their right, in total, to lawfully transport firearms throughout this Commonwealth.

122. In relation to the Plaintiffs, and those similarly situated, the U.S. Supreme Court has already held that at the core of the Second Amendment – the definition of "bear arms" – is to "wear, bear, or carry [a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person"; yet Defendant contends they must obtain a license to carry firearms to be exempt from Sections 6106 and 6107 and to be able to carry a firearm in their pocket for purposes of being armed and ready for offensive or defensive action in a case of conflict with another person.

123. Defendant Col. Evanchick has violated Plaintiffs', and those who are similarly situated, rights by requiring that they obtain a license to carry firearms to be exempt from Sections 6106 and 6107 and to be able to carry a firearm in their pockets for purposes of being armed and ready for offensive or defensive action in a case of conflict with another person and thereafter, precluding them obtaining a license to carry firearms.

124. Defendant's enforcement of Section 6109 and the regulations, customs, practices, and policies related thereto, is an infringement and an impermissible burden on Plaintiffs', and those who are similarly situated, right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the U.S. Constitution, especially in light of the fact that it

prevents Plaintiffs from "wear[ing], bear[ing], or carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

125. Moreover, the Defendant's current enforcement of Section 6109 and the regulations, customs, practices, and policies related thereto forces Plaintiffs, and those similarly situated, to either comply with the draconian and unconstitutional mandate or be subjected to felony prosecution.

126. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Plaintiffs', and those who are similarly situated, Second and Fourteenth Amendment rights, Plaintiffs, and those similarly situated, have suffered – and continue to suffer – from an unlawful deprivation of their fundamental constitutional right to keep and bear arms.

127. Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct result of prosecuting the present court action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, as follows:

a) Declare that 18 Pa.C.S. § 6107, its derivative regulations, and all related laws, policies, and procedures violate Plaintiffs', and those who are similarly situated, right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

b) Preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly situated, 18 Pa.C.S. § 6107 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and those who are similarly situated, exercise of their right to keep and bear arms;

c) Declare that 18 Pa.C.S. § 6106, its derivative regulations, and all related laws, policies, and procedures violate Plaintiffs', and those who are similarly situated, right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

d) Preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly situated, 18 Pa.C.S. § 6106 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and

those who are similarly situated, exercise of their right to keep and bear arms;

e)  Alternatively, declare that 18 Pa.C.S. § 6109, its derivative regulations, and all related laws, policies, and procedures violate Plaintiffs', and those who are similarly situated, right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

f)  Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly situated, 18 Pa.C.S. § 6109 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and those who are similarly situated, exercise of their right to keep and bear arms;

g)  Alternatively, declare that 18 Pa.C.S. § 6107, its derivative regulations, and all related laws, policies, and procedures *as-applied* to Plaintiffs, and those similarly situated, violate their right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

h)  Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly

situated, 18 Pa.C.S. § 6107 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and those who are similarly situated, exercise of their right to keep and bear arms, *as-applied* to them;

i) Alternatively, declare that 18 Pa.C.S. § 6106, its derivative regulations, and all related laws, policies, and procedures *as-applied* to Plaintiffs, and those similarly situated, violate their right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

j) Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly situated, 18 Pa.C.S. § 6106 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and those who are similarly situated, exercise of their right to keep and bear arms, *as-applied* to them.

k) Alternatively, declare that 18 Pa.C.S. § 6109, its derivative regulations, and all related laws, policies, and procedures *as-applied* to Plaintiffs, and those similarly situated, violate their right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

l) Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against Plaintiffs, and those similarly situated, 18 Pa.C.S. § 6109 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs', and those who are similarly situated, exercise of their right to keep and bear arms, *as-applied* to them.

m) Award Plaintiffs nominal damages, and pursuant 42 U.S.C. § 1988, costs, and attorney fees and expenses to the extent permitted; and,

n) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

Joshua Prince, Esq.
Joshua@Civilrightsdefensefirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 ext 81114
(610) 400-8439 (f)

Adam Kraut, Esq.
Akraut@fpclaw.org

Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342