IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MADISON M. LARA,** *et al* | : | |
| | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. 2:20-cv-01582 |
| | : | |
| **COL. ROBERT EVANCHICK** | : | |
| | : | |
| Defendant | : | |

## DECLARATION OF SOPHIA KNEPLEY

I, Sophia Knepley, am competent to state and declare the following based on my personal knowledge:

1. I, Sophia Knepley:

    a. Am a United States citizen;

    b. Am over the age of 18 but under the age of 21;

    c. Am not under indictment;

    d. Have never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of a crime punishable by more than one (1) year;

    f. Am not a fugitive from justice;

    g. Am not an unlawful user of, or addicted to, any controlled substance;

    h. Have not been adjudicated a mental defective or been committed to a mental institution;

    i. Have not been discharged from the Armed Forces under dishonorable conditions;

    j. Have never renounced my citizenship; and,

    k. Am not the subject of a restraining order relating to an intimate partner.

2. I lawfully own and possess a handgun.

3. It is my present intention and desire to carry firearms, including my handgun, for all lawful purposes including self-defense and in case of confrontation, without being subjected to criminal sanction and the loss of my liberty and rights under Defendant's laws.

4. It is also my present intention and desire to be able to lawfully transport all of my firearms within the Commonwealth, including but not limited to being able to:

    a. With an unloaded firearm, stop for a bathroom breaks, food, non-alcoholic drinks and coffee, or to pick up or drop off a friend, when going to or from:

        i. a range;

        ii. target shooting;

   iii. a place of purchase to my home or place of business;

   iv. a place of repair, sale or appraisal;

   v. a place of abode or business to another; and,

   vi. a place where I desire to hunt.

  b. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where I may otherwise lawfully possess and carry a firearm, including, but not limited to:

   i. friends' houses;

   ii. businesses; and,

   iii. from a successful hunt to a business that processes/butchers the successfully taken game.

  c. Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth a loaded, operable firearm on my person for self-defense, defense of my family and others, and in case of confrontation in public requiring defensive action.

5. However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding me from obtaining a license to carry firearms, and therefore subjecting me to the transportation and carry restrictions specified in Sections 6106 and 6107, which Defendant is also actively enforcing and

which criminalizes my desired conduct to lawfully transport and carry firearms to and from the aforementioned locations and for the aforementioned activities, including for self-defense and in case of confrontation in public requiring defensive action.

6. As a result of Defendant's current enforcement of Sections 6106 and 6107, if I attempt any of the conduct specified in ¶¶ 3 and 4, *supra*, I will be subject to prosecution and criminal sanction for a felony offense of the third degree criminal charges, pursuant to Section 6106(a)(1).

7. Thus, although I can vote, serve on a jury, hold public office, marry, have children, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for state militia service, and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591), Defendant's enforcement of 18 Pa.C.S. § 6109(b) prevents me from obtaining a license to carry firearms and therefore subjects me to criminal sanction under Sections 6106 and 6107 for lawfully transporting a firearm and/or carrying a firearm anywhere in this Commonwealth, in violation of my fundamental constitutional right to keep and bear arms for self-defense and in case of confrontation in public requiring defensive action.

8. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, 18-to-20-year-olds like and including me may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, by virtue of Defendant's enforcement of the challenged laws, even the most law-abiding 18-to-20-year-olds are prevented from transporting and carrying firearms, even though, they would, overnight and without any other change of circumstance, become eligible to engage in such conduct as the Second and Fourteenth Amendments protect if they were to merely join the military.

9. I am a responsible, law-abiding, peaceable citizen with no history of violent behavior, mental health disqualification, or other conduct that would suggest I pose any threat or danger.

10. As I started attending Alvernia College in Reading, Pennsylvania on August 31, 2020, I desire to obtain a license to carry firearms, so that I would be exempt from the restrictions imposed by Sections 6106 and 6107 and able to carry a loaded firearm for my and my family's self-defense and protection.

11. In particular, I have grave concerns about the area in which I am attending college, as the FBI's 2018 crime statistics show that the City of Reading had

    19 murders and non-negligent manslaughters, 53 rapes, 221 robberies, 328 aggravated assaults, and 603 burglaries. [1]

12. I have to this time abstained from the conduct specified in ¶¶ 3 and 4, *supra*, based on my reasonable fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6107, as they are being enforced by Defendant, should I attempt the conduct specified in ¶¶ 3 and 4, *supra*.

13. I intend to engage in the conduct specified in ¶¶ 3 and 4, *supra*, as all law-abiding adult citizens are constitutionally entitled to.

14. Unless an injunction issues preventing the enforcement of 18 Pa.C.S. §§ 6106, 6107, and/or the State's age-based ban on the application and issuance of a license to carry firearms such that I can apply for and be issued a license to carry and, through that license, be exempt from the restrictions imposed by Sections 6106 and 6107, I would face arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6107, as they are being enforced by Defendant, for the conduct specified in ¶¶ 3 and 4, *supra*.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

Date: November  9 , 2020

                                                *Sophia Knepley*
                                                Sophia Knepley

---

[1] Available at https://ucr.fbi.gov/crime-in-the-u.s/2018/crime-in-the-u.s.-2018/topic-pages/tables/table-6.