IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MADISON M. LARA,** *et al.* : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | Civil Action No. 2:20-cv-01582 |
| : | |
| **COL. ROBERT EVANCHICK,** : | |
| Commissioner of Pennsylvania : | |
| State Police : | |
| : | |
| Defendant : | |

# DECLARATION OF ALAN GOTTLIEB

I, Alan Gottlieb, am competent to state and declare the following based on my personal knowledge:

1. I am the Executive Vice President of the Second Amendment Foundation ("SAF"), which is a named institutional plaintiff in this action. I am authorized to testify on behalf of SAF as to matters set forth in this Declaration.

2. I have personal knowledge of the facts stated herein, have reviewed the Complaint, Motion for Preliminary Injunction and Memorandum in Support of the Motion for Preliminary Injunction, and if called as a witness could competently testify thereto.

3. SAF is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

1

4. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control.

5. SAF has over 650,000 members and supporters nationwide, including thousands of members in Pennsylvania.

6. In addition to Plaintiffs Lara, Knepley, and Miller, SAF has members and supporters who are law-abiding adult residents of Pennsylvania who do not have a license to carry firearms ("LTCF") under 18 Pa.C.S. § 6109 because they are under the age of 21 and prevented from applying for and being issued one, but who wish to lawfully exercise their rights to carry as well as carry loaded, operable firearms on their person, in public, for lawful purposes including self-defense, and transport arms within the Commonwealth, and would do so but for the challenged laws, policies, and enforcement practices.

7. Defendant's enforcement of the Commonwealth's laws banning the carry of firearms and preventing law-abiding adults who are over the age of 18 but not yet 21 years-old from acquiring a LTCF subjects the individual plaintiffs and others similarly situated to unconstitutional restrictions on their ability to carry and transport firearms in the Commonwealth.

8. Because of Defendant's enforcement of 18 Pa.C.S. §§ 6106, 6107, and 6109, SAF members and supporters, including the individual Plaintiffs and those similarly situated to them, must choose between exercising their Second and Fourteenth rights or being subject to criminal sanction where, pursuant to 18 Pa.C.S. § 6106(a), a violation is either a misdemeanor of the first degree[1] or a felony of the third degree[2] that would impose upon them a lifetime ban on firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1).

9. Furthermore, because of Defendant's enforcement of 18 Pa.C.S. §§ 6106, 6107, and 6109, SAF members and supporters, including the individual Plaintiffs and those similarly situated to them, must choose between exercising their Second and Fourteenth Amendment rights or be subject to criminal sanction, where, pursuant to 18 Pa.C.S. § 6119, a violation of Section 6107 is a misdemeanor of the first degree that would impose upon them a lifetime ban on the possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1).

10. SAF's understanding is that Defendant Evanchick has and continues to enforce 18 Pa.C.S. §§ 6106, 6107, and 6109.

---

[1] Pursuant to 18 Pa.C.S. § 106(b)(6), a conviction of a misdemeanor of the first degree can be punished by up to five years in jail.
[2] Pursuant to 18 Pa.C.S. § 106(b)(4), a conviction of a felony of the third degree can be punished by up to seven years in jail.

11. SAF's members and supporters, including Plaintiffs and those similarly situated, reasonably fear arrest, prosecution, fine, incarceration, loss of liberty, and loss of their fundamental right to keep and bear arms if they do not comply with 18 Pa.C.S. §§ 6106, 6107, and 6109.

12. But for Defendant's enforcement of 18 Pa.C.S. §§ 6106, 6107, and 6109, SAF's law-abiding adult members and supporters who have reached 18 years of age but are not yet 21-years-old, including the individual Plaintiffs and those similarly situated to them, would be able to lawfully carry and transport firearms in the Commonwealth without being subjected to arrest, criminal prosecution, loss of liberty, and loss of their fundamental right to keep and bear arms for life.

13. The Plaintiffs are thus respectfully requesting that the Court declare that 18 Pa.C.S. §§ 6106 and 6107, and their derivative regulations, policies, and enforcement practices, are unconstitutional and issue an injunction against enforcement of them as to individual Plaintiffs, SAF's similarly situated members and supporters, and all law-abiding adults who have reached 18 years of age but are not yet 21-years-old, or declare that 18 Pa.C.S. § 6109(b)'s age restriction, and its derivative regulations, policies, and enforcement practices, are unconstitutional and issue an injunction against enforcement of them as to individual Plaintiffs, SAF's similarly situated

members and supporters, and all law-abiding adults eligible to exercise their right to keep and bear arms who have reached 18 years of age but are not yet 21-years-old.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

Date: November 28, 2020

Alan Gottlieb