# PSP Exhibit A

## Pennsylvania
# Uniform Firearms Act of 1931

*as having been inspected and passed or otherwise approved as being wholesome and fit for food.*

*(b) To affix or attach any stamp, brand, emblem, tag, or other marking to any meat or meat-food product, or to any container or wrapping or covering of any meat or meat-food product, indicating or suggesting that the meat or meat-food product was slaughtered, manufactured, or prepared under inspection, unless the stamp, brand, emblem, tag, or other marking shall have been previously approved and the use thereof authorized by the United States Department of Agriculture or the Pennsylvania Department of Agriculture or an incorporated or chartered or established municipality of the Commonwealth of Pennsylvania.* <span style="float:right">Affixing or attaching stamp which has not been officially approved.</span>

APPROVED—The 10th day of June, A. D. 1931.

GIFFORD PINCHOT

---

No. 158

AN ACT

Regulating and licensing the sale, transfer, and possession of certain firearms; prescribing penalties, procedure, and rules of evidence; conferring powers and imposing duties on courts of quarter sessions, sheriffs, and heads of police departments; and to make uniform the law with reference thereto.

Section 1. Be it enacted, &c., That "firearm," as used in this act, means any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than twenty-four inches, or any rifle with a barrel less than fifteen inches. <span style="float:right">The Uniform Firearms Act.<br>"Firearm," defined.</span>

"Crime of violence," as used in this act, means any of the following crimes, or an attempt to commit any of the same, namely: murder, rape, mayhem, aggravated assault and battery, assault with intent to kill, robbery, burglary, breaking and entering with intent to commit a felony, and kidnapping. <span style="float:right">"Crime of violence," defined.</span>

"Person," as used in this act, includes firm, partnership, association, or corporation; and the masculine shall include the feminine and neuter. <span style="float:right">"Person," defined.</span>

Section 2. If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this act, he may, in addition to the punishment provided for the crime, be punished also as provided in this act. <span style="float:right">Crimes committed with firearms.<br>Additional punishment.</span>

Section 3. In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a firearm used or attempted to be used, and had no license to carry the same, shall <span style="float:right">Evidence of intent.</span>

be evidence of his intention to commit said crime of violence.

**Former convict not to own a firearm, etc.**

Section 4. No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

**Firearms not to be carried without a license.**

Section 5. No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided.

**Exceptions.**

Section 6. The provisions of the preceding section shall not apply to constables, sheriffs, prison or jail wardens, or their deputies, policemen of the Commonwealth or its political subdivisions, or other law-enforcement officers; or to members of the army, navy or marine corps of the United States or of the national guard or organized reserves when on duty; or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States or from this Commonwealth; or any organization incorporated under the laws of this Commonwealth engaged in target shooting with rifle, pistol or revolver, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employes of the United States duly authorized to carry a concealed firearm, or to agents, messengers and other employes of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties, from carrying any such firearm while actually engaged in such duties; or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business; or to any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving from one place of abode or business to another.

**Police heads in cities and sheriffs in counties may issue licenses.**

Section 7. The chief or head of any police force or police department of a city, and, elsewhere in this Commonwealth, the sheriff of a county, may, upon the application of any person, issue a license to such person to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so

licensed. The license shall be in triplicate, in form to be prescribed by the Secretary of the Commonwealth, and shall bear the name, address, description, and signature of the licensee, and the reason given for desiring a license. The original thereof shall be delivered to the licensee, the duplicate shall, within seven days, be sent by registered mail to the Secretary of the Commonwealth, and the triplicate shall be preserved for six years by the authority issuing said license. The fee for issuing such license shall be fifty cents ($0.50), which fee shall be paid into the county treasury, except that if the applicant exhibits a resident hunter's license issued to him for the current license year, the fee shall not be charged. <span style="float:right">License to be issued in triplicate. Form.<br>Fee.</span>

Any such license to carry firearms may be revoked by the person issuing the same, at any time, upon written notice to the holder thereof. <span style="float:right">Revocation.</span>

Section 8. No person shall deliver a firearm to any person under the age of eighteen, or to one who he has reasonable cause to believe has been convicted of a crime of violence, or is a drug addict, an habitual drunkard, or of unsound mind. <span style="float:right">Persons to whom delivery shall not be made.</span>

Section 9. No seller shall deliver a firearm to the purchaser thereof until forty-eight hours shall have elapsed from the time of the application for the purchase thereof, and, when delivered, said firearm shall be securely wrapped and shall be unloaded. At the time of applying for the purchase of a firearm, the purchaser shall sign in triplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, length of barrel, make, model, and manufacturer's number of the firearm to be purchased, and a statement that he has never been convicted in this Commonwealth, or elsewhere, of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and forward by registered mail one copy of such statement to the chief or head of the police force or police department of the city or the sheriff of the county of which the seller is a resident; the duplicate, duly signed by the seller, shall, within seven days, be sent by him, with his address, to the Secretary of the Commonwealth, the triplicate he shall retain for six years. This section shall not apply to sales at wholesale. <span style="float:right">Time and manner of delivery.<br>Statement to be signed by purchaser.<br>Duty of seller.<br>Sales at wholesale.</span>

Section 10. No retail dealer shall sell, or otherwise transfer or expose for sale or transfer, or have in his possession with intent to sell or transfer, any firearm without being licensed as hereinafter provided. <span style="float:right">Retail dealer required to be licensed.</span>

Section 11. The chief or head of any police force or police department of a city, and, elsewhere in this Commonwealth, the sheriff of the county, shall grant to <span style="float:right">Issuance of licenses.</span>

**Form to be prescribed by Secretary of Commonwealth.**

**Conditions.**

reputable applicants licenses, in form prescribed by the Secretary of the Commonwealth, effective for not more than one year from date of issue, permitting the licensee to sell firearms direct to the consumer within this Commonwealth, subject to the following conditions in addition to those specified in section nine hereof, for breach of any of which the license shall be forfeited and the licensee subject to punishment as provided in this act:

**Business place.**

1. The business shall be carried on only in the building designated in the license;

**Display of license.**

2. The license, or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read;

**Known identity of purchaser.**

3. No firearm shall be sold (a) in violation of any provision of this act, nor (b) shall a firearm be sold, under any circumstances, unless the purchaser is personally known to the seller or shall present clear evidence of his identity;

**Record.**

4. A true record in triplicate shall be made of every firearm sold in a book kept for the purpose, the form of which may be prescribed by the Secretary of the Commonwealth, and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other, and shall contain the date of sale, the caliber, make, model, and manufacturer's number of the firearm, the name, address, occupation, color, and place of birth of the purchaser, and a statement signed by the purchaser that he has never been convicted in this Commonwealth, or elsewhere, of a crime of violence. One copy shall, within six hours, be sent by registered mail to the chief or head of the police force or police department of the city or the sheriff of the county of which the dealer is a resident; the duplicate, the dealer shall, within seven days, send to the Secretary of the Commonwealth; the triplicate, the dealer shall retain for six years.

**Display of firearms prohibited.**

5. No firearm or imitation thereof, or placard advertising the sale thereof, shall be displayed in any part of any premises where it can readily be seen from the outside.

**License fee.**

The fee for issuing said license shall be ten dollars ($10.00), which fee shall be paid into the county treasury.

**Revocation.**

6. Any license granted under this section may be revoked by the person issuing the same, upon written notice to the holder thereof.

**Petition to common pleas for reversal.**

Section 12. Any applicant aggrieved by the refusal of his application for a license to carry a firearm or for a dealers license, or any person or retail dealer whose license has been revoked, may file, within thirty days thereafter, in the court of quarter sessions of his county,

a petition against the official who refused his application, as defendant, alleging therein, in brief detail, the refusal complained of and praying for a reversal thereof. Upon service of a copy of the petition upon the defendant, returnable within ten days from its date, the defendant shall, on or before the return day, file an answer in which he may allege by way of defense the reason for his refusal, and such other reasons as may in the meantime have been discovered. Thereupon, upon application of either party, the cause shall be heard without delay. The court may either sustain or reverse the action of the defendant. If the defendant's action is reversed, he shall forthwith issue the license upon payment of the fee. A judgment sustaining a refusal to grant a license shall not bar, after one year, a new application; nor shall a judgment in favor of the petitioner prevent the defendant from thereafter revoking or refusing to renew such license for any proper cause which may thereafter occur. The court shall have full power to dispose of all costs. *Procedure.*

Section 13. No person shall make any loan secured by mortgage, deposit, or pledge of a firearm; nor shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this act. *Loans on, or lending or giving firearms prohibited.*

Section 14. No person shall, in purchasing or otherwise securing delivery of a firearm or in applying for a license to carry the same, give false information or offer false evidence of his identity. *False evidence of identity.*

Section 15. No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm. Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same. *Altering or obliterating marks of identification.*

Section 16. All licenses heretofore issued within this Commonwealth permitting the carrying of firearms concealed upon the person shall expire at midnight of the thirty-first day of August, one thousand nine hundred and thirty-one. *Expiration of present licenses.*

Section 17. This act shall not apply to antique firearms unsuitable for use and possessed as curiosities or ornaments. *Antique firearms.*

Section 18. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not more than three thousand dollars ($3,000.00), or imprisonment for not more than three years, or both. *Violation. Misdemeanor. Penalty.*

Section 19. If any part of this act is for any reason *Invalidity of part of act.*

502                     LAWS OF PENNSYLVANIA,

Title of act

Uniformity.

Repeal.

Act of April 26,
1929 (P. L. 777),
not repealed.

declared void, such invalidity shall not affect the validity of the remaining portions of this act.

Section 20. This act may be cited as the "Uniform Firearms Act."

Section 21. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 22. All acts or parts of acts inconsistent herewith are hereby repealed: Provided, however, That this act shall not repeal or in any manner affect any provisions of an act, approved the twenty-fifth day of April, one thousand nine hundred and twenty-nine (Pamphlet Laws, seven hundred seventy-seven), entitled "An act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns; providing penalties; and providing for certain exemptions; and the granting of permits by sheriffs to own and possess machine guns as relics."

APPROVED—The 11th day of June, A. D. 1931.

GIFFORD PINCHOT

---

No. 159

AN ACT

To amend section three of the act, approved the ninth day of May, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand seven hundred and two), entitled "An act regulating the closing of public highways and providing for the locating, marking, and maintenance of detours necessitated by such closing; requiring boroughs, cities, and towns to notify the Department of Highways of the creation and discontinuance of certain detours; providing penalties for removing, destroying, defacing signs erected for warning or detour purposes, and for driving on, over or across highways which are closed by the proper persons or authorities, except in certain cases; further providing that the authorities responsible for the maintenance of highways which have been damaged, or their agents or contractors, shall have the right to recover the amount of such damages from the person or persons responsible, in addition to the penalties herein provided; and repealing certain acts."

Highways.

Section 3, act of
May 9, 1929 (P.
L. 1702), amended.

Section 1.  Be it enacted, &c., That section three of the act, approved the ninth day of May, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand seven hundred two), entitled "An act regulating the closing of public highways and providing for the locating, marking, and maintenance of detours necessitated by such closing; requiring boroughs, cities and towns to notify the Department of Highways of the creation and discontinuance of certain detours; pro-

# PSP Exhibit B

## Pennsylvania
## Uniform Firearms Act of 1939

Section 626. Sale of Weapons and Explosives to Minors.—Whoever knowingly and wilfully sells or causes to be sold, to any person under sixteen years of age, any deadly weapon, or knowingly and wilfully sells or causes to be sold to any such minor any cartridge, gunpowder, or other dangerous and explosive substance, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one year, or both.

Section 627. Manufacture and Sale of Toy Deadly Weapons.—Whoever knowingly and wilfully makes, manufactures or sells or causes to be made, manufactured or sold any deadly weapon, or knowingly or wilfully exposes to sale any such deadly weapon made elsewhere and brought within the State, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment for a term not exceeding one (1) year, or both.

This section does not interfere with the manufacture and sale of legitimate firearms.

Section 628. Uniform Firearms Act.—(a) Definitions.—As used in this section:

"Firearm" means any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than twenty-four inches, or any rifle with a barrel less than fifteen inches.

"Crime of violence" means any of the following crimes, or an attempt to commit any of the same, namely: Murder, rape, mayhem, aggravated assault and battery, assault with intent to kill, robbery, burglary, breaking and entering with intent to commit a felony, and kidnapping.

"Person" includes firm, partnership, association, or corporation; and the masculine shall include the feminine and neuter.

(b) Crimes Committed with Firearms.—If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this section, he may, in addition to the punishment provided for the crime, be punished also as provided by this section.

(c) Evidence of Intent.—In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a firearm, used or attempted to be used, and had no license to carry the same, shall be evidence of his intention to commit said crime of violence.

(d) Former Convict Not To Own a Firearm, etc.—No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a

firearm, or have one in his possession or under his control.

(e) Firearms Not To Be Carried Without a License; Exceptions.—No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided.

The provisions of clause (e) shall not apply (I) to constables, sheriffs, prison or jail wardens, or their deputies, policemen of the Commonwealth or its political subdivisions, or other law-enforcement officers; (II) or to members of the army, navy or marine corps of the United States or of the national guard or organized reserves when on duty; (III) or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States or from this Commonwealth; (IV) or to the members of any organization incorporated under the laws of this Commonwealth engaged in target shooting with rifle, pistol or revolver, provided such members are at or are going to or from their places of assembly or target practice; (V) or to officers or employes of the United States duly authorized to carry a concealed firearm; (VI) or to agents, messengers and other employes of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties; (VII) or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business; (VIII) or to any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another; (IX) or to persons licensed to hunt or fish in this Commonwealth, provided that such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places, or to persons training dogs: Provided, That such persons are actually training dogs during the regular training season: Provided, however, That before any such exemption shall be granted to any person licensed to hunt or fish or who desires to train dogs, such person shall at the time of securing his hunting or fishing license or any time after any such license has issued, register with the county treasurer the make of the firearm he desires to carry, and the caliber and number thereof, on a blank to be furnished by the Secretary of the Commonwealth. The original registration shall be delivered to the person registering such firearm, and

a copy thereof shall be forwarded by the county treasurer to the Secretary of the Commonwealth. The county treasurer shall be entitled to collect a fee of fifteen (15) cents for each such registration of a firearm. The registration of a firearm, as herein provided, shall be good only for the year for which the hunting or fishing license* in connection with which it is granted, is issued.

Any such registration of a firearm may be revoked by the county treasurer issuing the same, upon written notice to the holder thereof, and any person aggrieved by the action of a county treasurer in revoking such registration, may appeal from such action in the manner provided by clause (k) of this section.

(f) Police Heads in Cities and Sheriffs in Counties May Issue Licenses in Triplicate; Fee; Revocation.— The chief or head of any police force or police department of a city, and, elsewhere, the sheriff of a county, may, upon the application of any person, issue a license to such person to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one (1) year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed. The license shall be in triplicate, in form to be prescribed by the Secretary of the Commonwealth, and shall bear the name, address, description, and signature of the licensee, and the reason given for desiring a license. The original thereof shall be delivered to the licensee, the duplicate shall, within seven days, be sent by registered mail to the Secretary of the Commonwealth, and the triplicate shall be preserved for six years by the authority issuing said license. The fee for issuing such license shall be fifty (50) cents, which fee shall be paid into the county treasury, except that if the applicant exhibits a resident hunter's license issued to him for the current license year, the fee shall not be charged.

Any such license to carry firearms may be revoked by the person issuing the same, at any time, upon written notice to the holder thereof.

(g) Persons to Whom Delivery Shall Not Be Made. —No person shall deliver a firearm to any person under the age of eighteen, or to one he has reasonable cause to believe has been convicted of a crime of violence, or is a drug addict, an habitual drunkard, or of unsound mind.

(h) Time and Manner of Delivery; Statement To Be Signed by Purchaser; Sales at Wholesale.—No seller shall deliver a firearm to the purchaser thereof until forty-eight (48) hours shall have elapsed from the time

* "license" omitted in the original.

of the application for the purchase thereof, and when delivered, said firearm shall be securely wrapped and shall be unloaded. At the time of applying for the purchase of a firearm, the purchaser shall sign in triplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, length of barrel, make, model, and manufacturer's number of the firearm to be purchased and a statement that he has never been convicted in this Commonwealth or elsewhere of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and forward by registered mail one copy of such statement to the chief or head of the police force or police department of the city, or the sheriff of the county of which the seller is a resident; the duplicate, duly signed by the seller, shall, within seven days, be sent by him, with his address, to the Secretary of the Commonwealth, the triplicate he shall retain for six (6) years. This clause shall not apply to sales at wholesale.

(i) Retail Dealer Required To Be Licensed.—No retail dealer shall sell, or otherwise transfer or expose for sale or transfer, or have in his possession with intent to sell or transfer, any firearm without being licensed as hereinafter provided.

(j) Issuance of Licenses; Form To Be Prescribed by Secretary of Commonwealth; Conditions; Display of Firearms Prohibited; License Fee; Revocation.—The chief or head of any police force or police department of a city, and, elsewhere, the sheriff of the county, shall grant to reputable applicants licenses, in form prescribed by the Secretary of the Commonwealth, effective for not more than one (1) year from date of issue, permitting the licensee to sell firearms direct to the consumer, subject to the following conditions in addition to those specified in clause (h) hereof, for breach of any of which the license shall be forfeited and the licensee subject to punishment as provided in this act:

I. The business shall be carried on only in the building designated in the license.

II. The license, or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read.

III. No firearm shall be sold (a) in violation of any provision of this section, nor (b) shall a firearm be sold, under any circumstances, unless the purchaser is personally known to the seller or shall present clear evidence of his identity.

IV. A true record in triplicate shall be made of every firearm sold, in a book kept for the purpose, the form of which may be prescribed by the Secretary of the Commonwealth, and shall be personally signed by

the purchaser and by the person effecting the sale, each in the presence of the other, and shall contain the date of sale, the caliber, make, model, and manufacturer's number of the firearm, the name, address, occupation, color, and place of birth of the purchaser, and a statement signed by the purchaser that he has never been convicted in this Commonwealth, or elsewhere, of a crime of violence. One copy shall, within six (6) hours, be sent by registered mail to the chief or head of the police force or police department of the city, or the sheriff of the county of which the dealer is a resident; the duplicate, the dealer shall, within seven (7) days, send to the Secretary of the Commonwealth; the triplicate, the dealer shall retain for six (6) years.

V. No firearm or imitation thereof, or placard advertising the sale thereof, shall be displayed in any part of any premises where it can readily be seen from the outside.

The fee for issuing said license shall be ten dollars ($10.00), which fee shall be paid into the county treasury.

VI. Any license granted under this clause may be revoked by the person issuing the same, upon written notice to the holder thereof.

(k) Petition to Common Pleas for Reversal.—Any applicant aggrieved by the refusal of his application for a license to carry a firearm or for a dealer's license, or any person or retail dealer whose license has been revoked, may file, within thirty (30) days thereafter, in the court of quarter sessions of his county, a petition against the official who refused his application, as defendant, alleging therein, in brief detail, the refusal complained of, and praying for reversal thereof. Upon service of a copy of the petition upon the defendant, returnable within ten (10) days from its date, the defendant shall, on or before the return day, file an answer in which he may allege by way of defense the reason for his refusal, and such other reasons as may in the meantime have been discovered. Upon application of either party, the cause shall be heard without delay. The court may either sustain or reverse the action of the defendant. If the defendant's action is reversed, he shall forthwith issue the license upon payment of the fee. A judgment sustaining a refusal to grant a license shall not bar, after one (1) year, a new application; nor shall a judgment in favor of the petitioner prevent the defendant from thereafter revoking or refusing to renew such license for any proper cause which may thereafter occur. The court shall have full power to dispose of all costs.

(l) Loans on, or Lending or Giving Firearms Prohibited.—No person shall make any loan secured by

Case 2:20-cv-01582-WSS   Document 23-1   Filed 01/08/21   Page 14 of 56

mortgage, deposit, or pledge of a firearm; nor shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this section.

(m)   False Evidence of Identity.—No person shall, in purchasing or otherwise securing delivery of a firearm or in applying for a license to carry the same, give false information or offer false evidence of his identity.

(n)   Altering or Obliterating Marks of Identification. —No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any firearm. Possession of any firearm, upon which any such mark shall have been changed, altered, removed, or obliterated, shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same.

(o)   Antique Firearms.—This section shall not apply to antique firearms unsuitable for use and possessed as curiosities or ornaments.

(p)   Violation Penalty.—Any person violating any of the provisions of this section is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment not exceeding three (3) years, or both.

(q)   Short Title.—This section may be cited as the "Uniform Firearms Act."

(r)   Uniformity.—This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 629.   Traffic in Machine Guns.—Whoever sells, gives, transfers, purchases, owns, or has in possession any machine gun, is guilty of a felony, and on conviction thereof, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both.

Nothing contained in this section shall prohibit the manufacture for, and sale of, machine guns to the military forces of the United States, or of the Commonwealth of Pennsylvania, or to any police department of this Commonwealth, or of any political subdivision thereof, nor to the purchase or possession of machine guns by such governments and departments, nor prohibit any organization, branch, camp or post of veterans, or any veteran of any war in which the United States was engaged, from owning and possessing a machine gun as a relic, if a permit for such ownership or possession has been obtained from the sheriff of the county, which permit is at all times attached to such machine gun. Any sheriff, upon application and the payment of a fee of one dollar ($1.00), may issue permits for the ownership and possession of machine guns by veterans

# PSP Exhibit C
# Act No. 228 of 1968

No. 228

AN ACT

SB 1088

Amending the act of June 24, 1939 (P. L. 872), entitled "An act to consolidate, amend and revise the penal laws of the Commonwealth," prohibiting, with limitations, the carrying of firearms, rifles or shotguns in public places and imposing penalties.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1.    Section 628, act of June 24, 1939 (P. L. 872), known as "The Penal Code," is amended by adding after subsection (e), two new subsections to read:

¹ "1382" in original.

Section 628.   Uniform Firearms Act.—* * *

(e.1) Prohibited Conduct.—No person shall carry a firearm, rifle or shotgun upon the public streets or upon any public property during an emergency proclaimed by a municipal or state governmental executive unless that person is:

(1) Actively engaged in a defense of his life or property from peril or threat; or

(2) Licensed to carry firearms under subsection (f) of this section or is exempt from licensing under subsection (e).

(e.2) No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) Such person is licensed to carry a firearm; or

(2) Such person is exempt from licensing under subsection (e).

*   *   *

Section 2.   Subsection (p) of section 628 of the act, amended May 21, 1943 (P. L. 485) is reenacted to read:

Section 628.   Uniform Firearms Act.—*   *   *

(p) Violation Penalty.—Any person violating any of the provisions of this section is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment not exceeding three (3) years, or both.

*   *   *

Section 3.   This act shall take effect in five days.

APPROVED—The 30th day of July, A. D. 1968.

RAYMOND P. SHAFER.

# PSP Exhibit D

## Pennsylvania
## Uniform Firearms Act of 1995

```
        CRIMES CODE (18 PA.C.S.) AND JUDICIAL CODE (42 PA.C.S.) - AMEND
        Act of Jun. 13, 1995, Special Session 1, P.L. 1024, No. 17  Cl. 18
                        Special Session No. 1 of 1995
                                No. 1995-17
```

HB 110


AN ACT

Amending Titles 18 (Crimes and Offenses) and 42 (Judiciary and
    Judicial Procedure) of the Pennsylvania Consolidated Statutes,
    further providing for the possession of firearms; establishing a
    selected Statewide juvenile offender registry; and making an
    appropriation.

    The General Assembly hereby declares that the purpose of this act
is to provide support to law enforcement in the area of crime
prevention and control, that it is not the purpose of this act to
place any undue or unnecessary restrictions or burdens on law-
abiding citizens with respect to the acquisition, possession,
transfer, transportation or use of firearms, rifles or shotguns for
personal protection, hunting, target shooting, employment or any
other lawful activity, and that this act is not intended to
discourage or restrict the private ownership and use of firearms by
law-abiding citizens for lawful purposes or to provide for the
imposition by rules or regulations of any procedures or requirements
other than those necessary to implement and effectuate the
provisions of this act. The General Assembly hereby recognizes and
declares its support of the fundamental constitutional right of
Commonwealth citizens to bear arms in defense of themselves and this
Commonwealth.

    The General Assembly of the Commonwealth of Pennsylvania hereby
enacts as follows:
    Section 1.  Title 18 of the Pennsylvania Consolidated Statutes is
amended by adding a section to read:
§ 913.  Possession of firearm or other dangerous weapon in court
            facility.
    (a)  Offense defined.--A person commits an offense if he:
        (1)  knowingly possesses a firearm or other dangerous weapon
    in a court facility or knowingly causes a firearm or other
    dangerous weapon to be present in a court facility; or
        (2)  knowingly possesses a firearm or other dangerous weapon
    in a court facility with the intent that the firearm or other
    dangerous weapon be used in the commission of a crime or
    knowingly causes a firearm or other dangerous weapon to be
    present in a court facility with the intent that the firearm or
    other dangerous weapon be used in the commission of a crime.
    (b)  Grading.--
        (1)  Except as otherwise provided in paragraph (3), an
    offense under subsection (a)(1) is a misdemeanor of the third
    degree.
        (2)  An offense under subsection (a)(2) is a misdemeanor of
    the first degree.
        (3)  An offense under subsection (a)(1) is a summary offense
    if the person was carrying a firearm under section 6106(b)
    (relating to firearms not to be carried without a license) or
    6109 (relating to licenses) and failed to check the firearm under
    subsection (e) prior to entering the court facility.
    (c)  Exceptions.--Subsection (a) shall not apply to:

(1)  The lawful performance of official duties by an officer, agent or employee of the United States, the Commonwealth or a political subdivision who is authorized by law to engage in or supervise the prevention, detection, investigation or prosecution of any violation of law.

(2)  The lawful performance of official duties by a court official.

(3)  The carrying of rifles and shotguns by instructors and participants in a course of instruction provided by the Pennsylvania Game Commission under 34 Pa.C.S. § 2704 (relating to eligibility for license).

(4)  Associations of veteran soldiers and their auxiliaries or members of organized armed forces of the United States or the Commonwealth, including reserve components, when engaged in the performance of ceremonial duties with county approval.

(d)  Posting of notice.--Notice of the provisions of subsections (a) and (e) shall be posted conspicuously at each public entrance to each courthouse or other building containing a court facility and each court facility, and no person shall be convicted of an offense under subsection (a)(1) with respect to a court facility if the notice was not so posted at each public entrance to the courthouse or other building containing a court facility and at the court facility unless the person had actual notice of the provisions of subsection (a).

(e)  Facilities for checking firearms.--Each county shall make available, at or near the main entrance to the courthouse, lockers or similar facilities for the temporary checking of firearms by persons carrying firearms under section 6106(b) or 6109.

(f)  Definitions.--As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Court facility."  The courtroom of a court of record; a courtroom of a community court; the courtroom of a district justice; a courtroom of the Philadelphia Municipal Court; a courtroom of the Pittsburgh Magistrates Court; a courtroom of the Traffic Court of Philadelphia; judge's chambers; witness rooms; jury deliberation rooms; attorney conference rooms; prisoner holding cells; offices of court clerks, the district attorney, the sheriff and probation and parole officers; and any adjoining corridors.

"Dangerous weapon."  A bomb, grenade, blackjack, sandbag, metal knuckles, dagger, knife (the blade of which is exposed in an automatic way by switch, push-button, spring mechanism or otherwise) or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

"Firearm."  Any weapon, including a starter gun, which will or is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas. The term does not include any device designed or used exclusively for the firing of stud cartridges, explosive rivets or similar industrial ammunition.

Section 2.  Sections 6101, 6102, 6103, 6104, 6105, 6106.1, 6107 and 6109 of Title 18 are amended to read:

§ 6101.  Short title of subchapter.

This subchapter shall be known and may be cited as the ["] Pennsylvania Uniform Firearms Act of 1995.["]

§ 6102.  Definitions.

Subject to additional definitions contained in subsequent provisions of this subchapter which are applicable to specific provisions of this subchapter, the following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

"Commissioner."  The Commissioner of the Pennsylvania State Police.

"Conviction."  A conviction, a finding of guilty or the entering of a plea of guilty or nolo contendere, whether or not judgment of

sentence has been imposed, as determined by the law of the
jurisdiction in which the prosecution was held. The term does not
include a conviction which has been expunged or overturned or for
which an individual has been pardoned unless the pardon expressly
provides that the individual may not possess or transport firearms.

"County treasurer." The county treasurer or, in home rule or
optional plan counties, the person whose duties encompass those of a
county treasurer.

["Crime of violence." Any of the following crimes, or an
attempt, a solicitation or a conspiracy to commit any of the same,
namely: murder, voluntary manslaughter, rape, aggravated assault,
robbery, burglary, involuntary deviate sexual intercourse, arson,
extortion accompanied by threats of violence, assault by prisoner,
assault by life prisoner and kidnapping.]

"Crime punishable by imprisonment exceeding one year."  [Does]
**The term does** not include any of the following:

(1)  Federal or State offenses pertaining to antitrust,
unfair trade practices, restraints [of] **on** trade or regulation of
business.

(2)  State offenses classified as misdemeanors and
punishable by a term of imprisonment not to exceed two years.

"Firearm." Any pistol or revolver with a barrel **length** less
than 15 inches, any shotgun with a barrel **length** less than 18
inches or any rifle with a barrel **length** less than 16 inches, or
any pistol, revolver, rifle or shotgun with an overall length of
less than 26 inches. The barrel length of a firearm shall be
determined by measuring from the muzzle of the barrel to the face
of the closed action, bolt or cylinder, whichever is applicable.

**"Fund." The Firearm Ownership Fund established in section
6111.3 (relating to Firearm Ownership Fund).**

"Sheriff."

(1)  Except as provided in paragraph (2), the sheriff of the
county.

(2)  In a city of the first class, the chief or head of the
police department.

§ 6103.  Crimes committed with firearms.

If any person [shall commit or attempt] **commits or attempts** to
commit a [crime of violence] **crime enumerated in section 6105
(relating to persons not to possess, use, manufacture, control, sell
or transfer firearms)** when armed with a firearm contrary to the
provisions of this subchapter, [he] **that person** may, in addition to
the punishment provided for the crime, **also** be punished [also] as
provided by this subchapter.

§ 6104.  Evidence of intent.

In the trial of a person for committing or attempting to commit a
[crime of violence] **crime enumerated in section 6105 (relating to
persons not to possess, use, manufacture, control, sell or transfer
firearms)**, the fact that [he] **that person** was armed with a firearm,
used or attempted to be used, and had no license to carry the same,
shall be evidence of [his] **that person's** intention to commit [said
crime of violence] **the offense.**

§ 6105.  [Former convict not to own a firearm, etc.] **Persons not to
possess, use, manufacture, control, sell or transfer
firearms.**

[No person who has been convicted in this Commonwealth or
elsewhere of a crime of violence shall own a firearm, or have one in
his possession or under his control.]

(a)  **Offense defined.--A person who has been convicted of an
offense enumerated in subsection (b), within or without this
Commonwealth, regardless of the length of sentence or any of the
offenses enumerated in subsection (b) or (c) shall not possess, use,
control, sell, transfer or manufacture or obtain a license to
possess, use, control, sell, transfer or manufacture a firearm in
this Commonwealth.**

(b)  Enumerated offenses.--The following offenses shall apply to
subsection (a):
    Section 908 (relating to prohibited offensive weapons).
    Section 911 (relating to corrupt organizations).
    Section 912 (relating to possession of weapon on school
property).
    Section 2502 (relating to murder).
    Section 2503 (relating to voluntary manslaughter).
    Section 2504 (relating to involuntary manslaughter) if the
offense is based on the reckless use of a firearm.
    Section 2702 (relating to aggravated assault).
    Section 2704 (relating to assault by life prisoner).
    Section 2709 (relating to harassment and stalking) if the offense
relates to stalking.
    Section 2901 (relating to kidnapping).
    Section 2902 (relating to unlawful restraint).
    Section 3121 (relating to rape).
    Section 3123 (relating to involuntary deviate sexual
intercourse).
    Section 3125 (relating to aggravated indecent assault).
    Section 3301 (relating to arson and related offenses).
    Section 3302 (relating to causing or risking catastrophe).
    Section 3502 (relating to burglary).
    Section 3503 (relating to criminal trespass) if the offense is
graded a felony of the second degree or higher.
    Section 3701 (relating to robbery).
    Section 3921 (relating to theft by unlawful taking or
disposition) upon conviction of the second felony offense.
    Section 3923 (relating to theft by extortion) when the offense is
accompanied by threats of violence.
    Section 3925 (relating to receiving stolen property) upon
conviction of the second felony offense.
    Section 4912 (relating to impersonating a public servant) if the
person is impersonating a law enforcement officer.
    Section 4952 (relating to intimidation of witnesses or victims).
    Section 4953 (relating to retaliation against witness or victim).
    Section 5121 (relating to escape).
    Section 5122 (relating to weapons or implements for escape).
    Section 5501(3) (relating to riot).
    Section 5515 (relating to prohibiting of paramilitary training).
    Section 6110.1 (relating to possession of firearm by minor).
    Section 6301 (relating to corruption of minors).
    Section 6302 (relating to sale or lease of weapons and
explosives).
    Any offense equivalent to any of the above-enumerated offenses
under the statutes of any other state or of the United States.
    (c)  Other persons.--In addition to any person who has been
convicted of any offense listed under subsection (b), the following
persons shall be subject to the prohibition of subsection (a):
        (1)  A person who is a fugitive from justice.
        (2)  A person who has been convicted of an offense under the
act of April 14, 1972 (P.L.233, No.64), known as The Controlled
Substance, Drug, Device and Cosmetic Act, that may be punishable
by a term of imprisonment exceeding two years.
        (3)  A person who has been convicted of driving under the
influence of alcohol or controlled substance as provided in 75
Pa.C.S. § 3731 (relating to driving under influence of alcohol or
controlled substance) on three or more separate occasions within
a five-year period. For the purposes of this paragraph only, the
prohibition of subsection (a) shall only apply to transfers or
purchases of firearms after the third conviction.
        (4)  A person who has been adjudicated as an incompetent or
who has been involuntarily committed to a mental institution for
inpatient care and treatment under sections 302, 303 and 304 of

the provisions of the act of July 9, 1976 (P.L.817, No.143), known as the Mental Health Procedures Act.

(5)  A person who, being an alien, is illegally or unlawfully in the United States.

(6)  A person who is the subject of an active protection from abuse order issued pursuant to 23 Pa.C.S. § 6108 (relating to relief), which order provided for the confiscation of firearms during the period of time the order is in effect.

(7)  A person who was adjudicated delinquent by a court pursuant to 42 Pa.C.S. § 6341 (relating to adjudication) or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense under sections 2502, 2503, 2702, 2703 (relating to assault by prisoner), 2704, 2901, 3121, 3123, 3301, 3502, 3701 and 3923.

(8)  A person who was adjudicated delinquent by a court pursuant to 42 Pa.C.S. § 6341 or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense enumerated in subsection (b) with the exception of those crimes set forth in paragraph (7). This prohibition shall terminate 15 years after the last applicable delinquent adjudication or upon the person reaching the age of 30, whichever is earlier.

(d)  Exemption.--A person who has been convicted of a crime specified in subsection (a), (b) or (c)(1), (2), (5) or (7) may make application to the court of common pleas of the county where the principal residence of the applicant is situated for relief from the disability imposed by this section upon the ownership, possession or control of a firearm. The court may grant such relief if it determines that any of the following apply:

(1)  The conviction has been vacated under circumstances where all appeals have been exhausted or where the right to appeal has expired.

(2)  The conviction has been the subject of a full pardon by the Governor.

(3)  Each of the following conditions is met:

(i)  The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.

(ii)  A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b) or a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act.

(e)  Proceedings.--

(1)  If a person convicted of an offense under subsection (a), (b) or (c)(1), (2), (5) or (7) makes application to the court, a hearing shall be held in open court to determine whether the requirements of this section have been met. The commissioner and the district attorney of the county where the application is filed and any victim or survivor of a victim of the offense upon which the disability is based may be parties to the proceeding.

(2)  Upon application to the court of common pleas pursuant to paragraph (1) by an applicant who is subject to the prohibition under subsection (c)(3), the court shall grant such relief if a period of ten years, not including any time spent in incarceration, has passed since the applicant's most recent conviction under subsection (c)(3).

(f)  Other exemptions and proceedings.--

(1)  Upon application to the court of common pleas under subsection (e) by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person and that a period of five years has elapsed since the applicant's most recent adjudication or commitment under subsection (c)(4).

(2)  If application is made under this subsection for relief from the disability imposed under subsection (c)(6), notice of such application shall be given to the person who had petitioned for the protection from abuse order, and such person shall be a party to the proceedings.

(3)  All hearings conducted under this subsection shall be closed.

(g)  Other restrictions.--Nothing in this section shall exempt a person from a disability in relation to the possession or control of a firearm which is imposed as a condition of probation or parole or which is imposed pursuant to the provision of any law other than this section.

(h)  License prohibition.--Any person who is prohibited from possessing, using, controlling, selling, purchasing, transferring or manufacturing any firearm under this section shall not be eligible for or permitted to obtain a license to carry a firearm under section 6109 (relating to licenses).

(i)  Firearm.--As used in this section only, the term "firearm" shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

§ 6106.1.  Carrying loaded weapons other than firearms.

(a)  General rule.--[No] **Except as provided in Title 34 (relating to game),** no person shall carry a loaded pistol, revolver, shotgun or rifle, other than a firearm as defined in section 6102 (relating to definitions), in any vehicle. The provisions of this section shall not apply to persons excepted from the requirement of a license to carry firearms under section 6106(b)(1), (2), (5) or (6) (relating to firearms not to be carried without a license) nor shall the provisions of this section be construed to permit persons to carry firearms in a vehicle where such conduct is prohibited by section 6106.

(b)  Penalty.--A person who violates the provisions of this section commits a summary offense.

§ 6107.  Prohibited conduct during emergency.

No person shall carry a firearm, rifle or shotgun upon the public streets or upon any public property during an emergency proclaimed by a [municipal or State] **State or municipal** governmental executive unless that person is:

(1)  Actively engaged in a defense of [his] **that person's** life or property from peril or threat.

(2)  Licensed to carry firearms under section 6109 [of this title] (relating to licenses) or is exempt from licensing under section 6106(b) [of this title] (relating to firearms not to be carried without a license).

§ 6109.  Licenses.

(a)  Purpose of license.--A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle within this Commonwealth. **Any person who carries a firearm concealed on or about his person or in a vehicle within this Commonwealth without a valid and lawfully issued license under this section commits a felony of the third degree.**

(b)  Place of application.--An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this

Commonwealth. If the applicant is a resident of this Commonwealth, he shall make application with the sheriff of the county in which he resides or, if a resident of a city of the first class, with the chief of police of that city.

   (c)  Form of application and content.--The application for a license to carry a firearm shall be uniform throughout this Commonwealth and shall be on a form prescribed by the Pennsylvania State Police. The form may contain provisions, not exceeding one page, to assure compliance with [subsection (e)(2)] **this section.** Issuing authorities shall use only the application form prescribed by the Pennsylvania State Police. One of the following reasons for obtaining a firearm license shall be set forth in the application: self-defense, employment, hunting and fishing, target shooting, gun collecting or another proper reason. The application form shall be dated and signed by the applicant and shall contain the following statement:

   I have never been convicted of a crime of violence in the Commonwealth of Pennsylvania or elsewhere. I am of sound mind and have never been committed to a mental institution. I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief. I understand that, if I knowingly make any false statements herein, I am subject to penalties prescribed by law. I authorize the sheriff, or his designee, or, in the case of first class cities, the chief or head of the police department, or his designee, to inspect only those records or documents relevant to information required for this application.

   (d)  Sheriff to conduct investigation.--The sheriff to whom the application is made shall investigate the applicant's record of criminal convictions, shall investigate whether or not the applicant is under indictment for or has ever been convicted of a crime punishable by imprisonment exceeding one year, shall investigate whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety and shall investigate whether the applicant would be precluded from receiving a license under subsection (e)(1) **or section 6105(h) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms) and shall conduct a criminal background, juvenile delinquency or mental health check following the procedures set forth in section 6111 (relating to firearm ownership).**

   (e)  Issuance of license.--

      (1)  A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:

         (i)  An individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety.

         (ii)  An individual who has been convicted of an offense under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

         (iii)  An individual convicted of a crime [of violence] **enumerated in section 6105.**

         (iv)  An individual who, within the past ten years, has been adjudicated delinquent for a crime [of violence] **enumerated in section 6105** or for an offense under The Controlled Substance, Drug, Device and Cosmetic Act.

         (v)  An individual who is not of sound mind or who has ever been committed to a mental institution.

(vi)  An individual who is addicted to[,] or is an unlawful user of[,] marijuana or a stimulant, depressant or narcotic drug.

(vii)  An individual who is a habitual drunkard.

(viii)  An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

(ix)  A resident of another state who does not possess a current license or permit or similar document to carry a firearm issued by that state if a license is provided for by the laws of that state, as published annually in the Federal Register by the Bureau of Alcohol, Tobacco and Firearms of the Department of the Treasury under 18 U.S.C. § 921(a)(19) (relating to definitions).

(x)  An alien who is illegally in the United States.

(xi)  An individual who has been discharged from the armed forces of the United States under dishonorable conditions.

(xii)  An individual who is a fugitive from justice.

**(xiii)  An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105.**

[(2)  In a city of the first class, a license shall be issued only if it additionally appears that the applicant has good reason to fear an injury to the applicant's person or property or has any other proper reason for carrying a firearm and that the applicant is a suitable individual to be licensed.]

(3)  The license shall bear the name, address, date of birth, race, sex, citizenship, Social Security number, height, weight, color of hair, color of eyes and signature of the licensee; the signature of the sheriff issuing the license; the reason for issuance; and the period of validation. The sheriff may also require a photograph of the licensee on the license. The original license shall be issued to the applicant. The first copy of the license shall be forwarded to the commissioner within seven days of the date of issue, and a second copy shall be retained by the issuing authority for a period of six years.

(f)  Term of license.--A license to carry a firearm issued under subsection (e) shall be valid throughout this Commonwealth for a period of five years unless sooner revoked.

(g)  Grant or denial of license.--Upon the receipt of an application for a license to carry a firearm, the sheriff shall, within 45 days, issue or refuse to issue a license on the basis of the investigation under subsection (d) and the accuracy of the information contained in the application. If the sheriff refuses to issue a license, the sheriff shall notify the applicant in writing of the refusal and the **specific** reasons. The notice shall be sent by certified mail to the applicant at the address set forth in the application.

(h)  Fee.--The fee for a license to carry a firearm is [$12.50] **$17.50**. This includes an administrative fee of $5 under section 14 (2) of the act of July 6, 1984 (P.L.614, No.127), known as the Sheriff Fee Act. The fee is payable to the sheriff to whom the application is submitted and is payable at the time of application for the license. Except for the administrative fee of $5 under section 14(2) of the Sheriff Fee Act, all other fees shall be refunded if the application is denied but shall not be refunded if a license is issued and subsequently revoked. A person who sells or attempts to sell a license to carry a firearm for a fee in excess of the amounts fixed under this subsection commits a summary offense.

    (i)  Revocation.--A license to carry firearms may be revoked by the issuing authority for good cause. Notice of revocation shall be in writing and shall state the **specific** reason for revocation. Notice shall be sent by certified mail, and, at that time, a copy shall be forwarded to the commissioner. An individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice. An individual who violates this section commits a summary offense.

    (j)  Immunity.--A sheriff who complies in good faith with this section shall be immune from liability resulting or arising from the action or misconduct with a firearm committed by any individual to whom a license to carry a firearm has been issued.

    **(k)  Reciprocity.--The Attorney General may enter into reciprocity agreements with other states providing for the mutual recognition of each state's license to carry a firearm.**

    Section 3.  Section 6110 of Title 18 is repealed.

    Section 4.  Title 18 is amended by adding a section to read:

§ 6110.1.  Possession of firearm by minor.

    (a)  Firearm.--Except as provided in subsection (b), a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth.

    (b)  Exception.--Subsection (a) shall not apply to a person under 18 years of age who is under the supervision of a parent, grandparent, legal guardian or an adult acting with the expressed consent of the minor's custodial parent or legal guardian and:

        (1)  the minor is engaged in lawful activity, including lawfully hunting or trapping, safety training, target shooting at an established range or engaging in an organized competition involving the use of a firearm; or

        (2)  the firearm is unloaded and the minor is transporting it for a lawful purpose.

    (c)  Responsibility of adult.--Any person who knowingly and intentionally delivers or provides to the minor a firearm in violation of subsection (a) commits a felony of the third degree.

    (d)  Forfeiture.--Any firearm in the possession of a person under 18 years of age in violation of this section shall be promptly seized by the arresting law enforcement officer and upon conviction or adjudication of delinquency shall be forfeited or, if stolen, returned to the lawful owner.

    Section 5.  Section 6111 of Title 18 is amended to read:

§ 6111.  [Sale of firearms.] **Firearm ownership.**

    [(a)  Time and manner of delivery.--No seller shall deliver a firearm to the purchaser thereof until 48 hours shall have elapsed from the time of the application for the purchase thereof, and when delivered, said firearm shall be securely wrapped and shall be unloaded.

    (b)  Statement to be signed by purchaser.--At the time of applying for the purchase of a firearm, the purchaser shall sign in quadruplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, length of barrel, make, model, and manufacturer's number of the firearm to be purchased, and a statement that he has never been convicted in this Commonwealth, or elsewhere, of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and forward by registered or certified mail one copy of such statement to the chief or head of the police force or police department of the city, or the sheriff of the county of the place of business of the seller, the duplicate, duly signed by the seller, shall, within seven days, be sent by him, with his address, to the Commissioner of the Pennsylvania State Police, the triplicate he shall retain for six years, and the quadruplicate with the proper signature and address of the seller shall, within six hours after such application, be forwarded by registered or certified mail to the

chief or head of the police force or police department of the city
or to the sheriff of the county of which the buyer is a resident.
      (c)   Exemption.--This section shall not apply to sales at
wholesale.]
      (a)   Time and manner of delivery.--
          (1)   Except as provided in paragraph (2), no seller shall
deliver a firearm to the purchaser or transferee thereof until 48
hours shall have elapsed from the time of the application for the
purchase thereof, and, when delivered, the firearm shall be
securely wrapped and shall be unloaded.
          (2)   Thirty days after publication in the Pennsylvania
Bulletin that the Instantaneous Criminal History Records Check
System has been established in accordance with the Brady Handgun
Violence Prevention Act (Public Law 103-159, 18 U.S.C. § 921 et
seq.), no seller shall deliver a firearm to the purchaser thereof
until the provisions of this section have been satisfied, and,
when delivered, the firearm shall be securely wrapped and shall
be unloaded.
      (b)   Duty of seller.--No licensed importer, licensed manufacturer
or licensed dealer shall sell or deliver any firearm to another
person, other than a licensed importer, licensed manufacturer,
licensed dealer or licensed collector, until the conditions of
subsection (a) have been satisfied and until he has:
          (1)   Obtained a completed application/record of sale from
the potential buyer or transferee to be filled out in
quadruplicate, the original copy to be sent to the Pennsylvania
State Police, one copy to be retained by the licensed importer,
licensed manufacturer or licensed dealer, one copy to be retained
by the purchaser or transferee and one copy to be sent to the
chief of police or sheriff of the county or head of the police
force or police department of the city in which the purchaser or
transferee resides. The form of this application/record of sale
shall be promulgated by the Pennsylvania State Police and
provided by the licensed importer, licensed manufacturer or
licensed dealer. The application/record of sale shall include the
name, address, birthdate, gender, race, physical description and
Social Security number of the purchaser or transferee, the date
of the application and, in the case of a firearm as defined in
section 6102 (relating to definitions), the caliber, length of
barrel, make, model, manufacturer's number and the firearm to be
purchased or transferred. When delivered to the purchaser or
transferee, the firearm shall be securely wrapped and shall be
unloaded.
          (2)   Inspected photoidentification of the potential
purchaser or transferee, including, but not limited to, a
driver's license, official Pennsylvania photoidentification card
or official government photoidentification card. In the case of a
potential buyer or transferee who is a member of a recognized
religious sect or community whose tenets forbid or discourage the
taking of photographs of members of that sect or community, a
seller shall accept a valid-without-photo driver's license or a
combination of documents, as prescribed by the Pennsylvania State
Police, containing the applicant's name, address, date of birth
and the signature of the applicant.
          (3)   Requested by means of a telephone call that the
Pennsylvania State Police conduct a criminal history, juvenile
delinquency history and a mental health record check. The
requester shall be charged a fee equivalent to the cost of
providing the service but not to exceed $2 per buyer or
transferee.
          (4)   Received a unique approval number for that inquiry from
the Pennsylvania State Police and recorded the date and the
number on the application/record of sale form.

(5)  Issued a receipt containing the information from
paragraph (4), including the unique approval number of the
purchaser. This receipt shall be prima facie evidence of the
purchaser's or transferee's compliance with the provisions of
this section.
(c)  Duty of other persons.--Any person who is not a licensed
importer, manufacturer or dealer and who desires to sell or transfer
a firearm to another unlicensed person shall do so only upon the
place of business of a licensed importer, manufacturer, dealer or
county sheriff's office, the latter of whom shall follow the
procedure set forth in this section as if he were the seller of the
firearm. The provisions of this section shall not apply to transfers
between spouses or to transfers between a parent and child or to
transfers between grandparent and grandchild.
(d)  Defense.--Compliance with the provisions of this section
shall be a defense to any criminal complaint under the laws of this
Commonwealth arising from the sale or transfer of any firearm.
(e)  Nonapplicability of section.--As provided by section 6118
(relating to antique firearms), this section shall not apply to the
following:
(1)  Any firearm manufactured on or before 1898, including
any firearm with a matchlock, flintlock, percussion cap or
similar type of ignition system.
(2)  Any replica of any firearm described in paragraph (1)
if the replica:
(i)  is not designed or redesigned to use rimfire or
conventional center fire fixed ammunition; or
(ii)  uses rimfire or conventional center fire fixed
ammunition which is no longer manufactured in the United
States and which is not readily available in the ordinary
channels of commercial trade.
(f)  Application of section.--
(1)  For the purposes of this section only, except as
provided by paragraph (2), "firearm" shall mean any weapon which
is designed to or may readily be converted to expel any
projectile by the action of an explosive or the frame or receiver
of any such weapon.
(2)  The provisions contained in subsections (a) and (c)
shall only apply to pistols or revolvers with a barrel length of
less than 15 inches, any shotgun with a barrel length of less
than 18 inches, any rifle with a barrel length of less than 16
inches or any firearm with an overall length of less than 26
inches.
(3)  The provisions contained in subsection (a) shall not
apply to any law enforcement officer as defined in section 5515
(relating to prohibiting of paramilitary training) whose current
identification as a law enforcement officer shall be construed as
a valid license to carry a firearm or any person who possesses a
valid license to carry a firearm under section 6109 (relating to
licenses).
(4)  (i)  The provisions of subsection (a) shall not apply
to any person who presents to the seller or transferor a written
statement issued by the official described in subparagraph (iii)
during the ten-day period ending on the date of the most recent
proposal of such transfer or sale by the transferee or purchaser
stating that the transferee or purchaser requires access to a
firearm because of a threat to the life of the transferee or
purchaser or any member of the household of that transferee or
purchaser.
(ii)  The issuing official shall notify the applicant's
local police authority that such a statement has been
issued. In counties of the first class the chief of police
shall notify the police station or substation closest to the
applicant's residence.

(iii)  The statement issued under subparagraph (ii) shall be issued by the district attorney, or his designee, of the county of residence of the transferee or purchaser. If such county of residence is a county of the first class, the issuing official shall be the chief of police, or his designee, having jurisdiction in that county.

(g)  Penalties.--

(1)  Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly or intentionally sells, delivers or transfers a firearm in violation of this section commits a misdemeanor of the second degree.

(2)  Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly or intentionally sells, delivers or transfers a firearm under circumstances intended to provide a firearm to any person, purchaser or transferee who is unqualified or ineligible to control, possess or use a firearm under this chapter commits a felony of the third degree and shall in addition be subject to revocation of the license to sell firearms for a period of three years.

(3)  Any person, licensed dealer, licensed manufacturer or licensed importer who knowingly and intentionally requests a criminal history, juvenile delinquency or mental health record check from the Pennsylvania State Police for any purpose other than compliance with this chapter or knowingly and intentionally disseminates any criminal history, juvenile delinquency or mental health record information to any person other than the subject of the information commits a felony of the third degree.

(4)  Any person, purchaser or transferee who in connection with the purchase, delivery or transfer of a firearm under this chapter knowingly and intentionally makes any materially false oral or written statement or willfully furnishes or exhibits any false identification intended or likely to deceive the seller, licensed dealer or licensed manufacturer commits a felony of the third degree.

(5)  Notwithstanding section 306 (relating to liability for conduct of another; complicity) or any other statute to the contrary, any person, licensed importer, licensed dealer or licensed manufacturer who knowingly and intentionally sells, delivers or transfers a firearm in violation of this chapter who has reason to believe that the firearm is intended to be used in the commission of a crime or attempt to commit a crime shall be criminally liable for such crime or attempted crime.

(6)  Notwithstanding any act or statute to the contrary, any person, licensed importer, licensed manufacturer or licensed dealer who knowingly and intentionally sells or delivers a firearm in violation of this chapter who has reason to believe that the firearm is intended to be used in the commission of a crime or attempt to commit a crime shall be liable in the amount of the civil judgment for injuries suffered by any person so injured by such crime or attempted crime.

(h)  Subsequent violation penalty.--

(1)  A second or subsequent violation of this section shall be a felony of the second degree and shall be punishable by a mandatory minimum sentence of imprisonment of five years. A second or subsequent offense shall also result in permanent revocation of any license to sell, import or manufacturer a firearm.

(2)  Notice of the applicability of this subsection to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an

opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

(3)   There shall be no authority for a court to impose on a defendant to which this subsection is applicable a lesser sentence than provided for in paragraph (1), to place the defendant on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(4)   If a sentencing court refuses to apply this subsection where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this subsection.

(i)   Confidentiality.--Information furnished by a potential purchaser or transferee under this section or any applicant for a license to carry a firearm as provided by section 6109 shall be confidential and not subject to public disclosure.

Section 6.   Title 18 is amended by adding sections to read:
§ 6111.1.   Pennsylvania State Police.

(a)   Administration.--The Pennsylvania State Police shall have the responsibility to administer the provisions of this chapter.

(b)   Duty of Pennsylvania State Police.--

(1)   Upon receipt of a request for a criminal history, juvenile delinquency history and mental health record check of the potential purchaser or transferee, the Pennsylvania State Police shall immediately during the licensee's call or by return call forthwith:

(i)   review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law;

(ii)   review the juvenile delinquency and mental health records of the Pennsylvania State Police to determine whether the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law; and

(iii)   inform the licensee making the inquiry either:

(A)   that its criminal history records demonstrate that the potential purchaser or transferee is so prohibited; or

(B)   provide the licensee with a unique approval number.

(2)   In the event of electronic failure or similar emergency beyond the control of the Pennsylvania State Police, the Pennsylvania State Police shall immediately notify the requesting licensee of the reason for and estimated length of the delay.

(3)   The Pennsylvania State Police shall fully comply, execute and enforce the directives of this section within four years of the enactment of this subsection.

(4)   The Pennsylvania State Police and any local law enforcement agency shall make all reasonable efforts to determine the lawful owner of any firearm confiscated by the Pennsylvania State Police or any local law enforcement agency and return said firearm to its lawful owner. When a court of law has determined that the Pennsylvania State Police or any local law enforcement agency have failed to exercise the duty under this subsection, reasonable attorney fees shall be awarded to any lawful owner of

said firearm who has sought judicial enforcement of this subsection.

(c)  Establish a telephone number.--The Pennsylvania State Police shall establish a telephone number which shall be operational seven days a week between the hours of 8 a.m. and 10 p.m. local time for purposes of responding to inquiries as described in this section from licensed manufacturers, licensed importers and licensed dealers. The Pennsylvania State Police shall employ and train such personnel as are necessary to administer expeditiously the provisions of this section.

(d)  Distribution.--The Pennsylvania State Police shall distribute copies of uniform firearm laws and firearm safety brochures pursuant to section 6125 (relating to distribution of uniform firearm laws and firearm safety brochures).

(e)  Challenge to records.--Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history, juvenile delinquency history or mental health record under the procedures of 2 Pa.C.S. Ch. 5 Subch. A (relating to practice and procedure of Commonwealth agencies).

(f)  Notification of mental health commitment.--Notwithstanding any statute to the contrary, judges of the courts of common pleas shall notify the Pennsylvania State Police on a form developed by the Pennsylvania State Police of the identity of any individual who has been adjudicated incompetent or who has been involuntarily treated as described in section 6105(c)(4) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

(g)  Mental health treatment professionals.--Notwithstanding any statute to the contrary, any mental health treatment professional who has been licensed to provide mental health services to the general public pursuant to the laws of this Commonwealth may in the exercise of that professional's professional judgment notify any law enforcement official of any individual under that professional's care who that professional reasonably believes to be a danger to that individual or others. Mental health professionals who make such a report in good faith shall be immune from any civil or criminal liability that may arise from their decision to report an individual under their care.

(h)  Juvenile registry.--

(1)  The contents of law enforcement records and files compiled under 42 Pa.C.S. § 6308 (relating to law enforcement records) concerning a child shall not be disclosed to the public except if the child is 14 years of age or older at the time of the alleged conduct and if any of the following apply:

(i)  The child has been adjudicated delinquent by a court as a result of an act or acts which constitute any offense enumerated in section 6105.

(ii)  A petition alleging delinquency has been filed by a law enforcement agency alleging that the child has committed an act or acts which constitute an offense enumerated in section 6105 and the child previously has been adjudicated delinquent by a court as a result of an act or acts which included the elements of one of such crimes.

(iii)  The child is a dangerous juvenile offender.

(2)  Notwithstanding any provision of this subsection, the contents of law enforcement records and files concerning any child adjudicated delinquent for the commission of any criminal activity described in paragraph (1) shall be recorded in the registry of the Pennsylvania State Police for the limited purposes of this chapter.

(i)  Reports.--The Pennsylvania State Police shall annually compile and report to the General Assembly, on or before December 31, the following information for the previous year:

(1)  number of firearm sales;
(2)  number of applications for sale of firearms denied;
(3)  summary of the Pennsylvania State Police's activities, including the average time taken to complete a criminal history, juvenile delinquency history or mental health record check; and
(4)  uniform crime reporting statistics compiled by the Pennsylvania State Police based on the National Incident-based Reporting System.

(j)  Other criminal information.--The Pennsylvania State Police shall be authorized to obtain any crime statistics necessary for the purposes of this chapter from any local law enforcement agency.

(k)  Definition.--For the purposes of this section only, the term "firearm" shall have the same meaning as in section 6111.2 (relating to firearm sales surcharge).

§ 6111.2.  Firearm sales surcharge.

(a)  Surcharge imposed.--There is hereby imposed on each sale of a firearm subject to tax under Article II of the act of March 4, 1971 (P.L.6, No.2), known as the Tax Reform Code of 1971, an additional surcharge of $3. This shall be referred to as the Firearm Ownership Surcharge. All moneys received from this surcharge shall be deposited in the Firearm Ownership Fund.

(b)  Increases or decreases.--Five years from the effective date of this subsection, and every five years thereafter, the Pennsylvania State Police shall provide such information as necessary to the Legislative Budget and Finance Committee for the purpose of reviewing the need to increase or decrease the instant check fee. The committee shall issue a report of its findings and recommendations to the General Assembly for a statutory change in the fee.

(c)  Revenue sources.--Funds received under the provisions of this section and section 6111(b)(3) (relating to firearm ownership), as estimated and certified by the Secretary of Revenue, shall be deposited within five days of the end of each quarter into the fund. The provisions of Article II of the Tax Reform Code of 1971 shall apply to the surcharge imposed by subsection (a).

(d)  Definition.--As used in this section only, the term "firearm" shall mean any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosion or the frame or receiver of any such weapon.

§ 6111.3.  Firearm Ownership Fund.

(a)  Establishment.--The Firearm Ownership Fund is hereby established as a restricted account in the State Treasury, separate and apart from all other public money or funds of the Commonwealth, to be appropriated annually by the General Assembly, for use in carrying out the provisions of section 6111 (relating to firearm ownership).

(b)  Source.--The source of the fund shall be moneys collected and transferred under section 6111.2 (relating to firearm sales surcharge) and moneys collected and transferred under section 6111(b)(3).

§ 6111.4.  Registration of firearms.

Notwithstanding any section of this chapter to the contrary, nothing in this chapter shall be construed to allow any government or law enforcement agency or any agent thereof to create, maintain or operate any registry of firearm ownership within this Commonwealth. For the purposes of this section only, the term "firearm" shall include any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

§ 6111.5.  Rules and regulations.

The Pennsylvania State Police shall in the manner provided by law promulgate the rules and regulations necessary to carry out this chapter, including regulations to ensure the identity,

confidentiality and security of all records and data provided pursuant hereto.

Section 7.  Section 6112 of Title 18 is reenacted to read:
§ 6112.  Retail dealer required to be licensed.

No retail dealer shall sell, or otherwise transfer or expose for sale or transfer, or have in his possession with intent to sell or transfer, any firearm without being licensed as provided in this subchapter.

Section 8.  Sections 6113, 6114, 6115, 6116, 6117 and 6118 of Title 18 are amended to read:
§ 6113.  Licensing of dealers.

(a)  General rule.--The chief or head of any police force or police department of a city, and, elsewhere, the sheriff of the county, shall grant to reputable applicants licenses, in form prescribed by the Pennsylvania State Police, effective for not more than [one year] **three years** from date of issue, permitting the licensee to sell firearms direct to the consumer, subject to the following conditions in addition to those specified in section 6111 [of this title] (relating to [sale of firearms] **firearm ownership**), for breach of any of which the license shall be forfeited and the licensee subject to punishment as provided in this subchapter:

(1)  The business shall be carried on only [in the building] **upon the premises** designated in the license **or at a lawful gun show or meet.**

(2)  The license, or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read.

(3)  No firearm shall be sold in violation of any provision of this subchapter.

(4)  No firearm shall be sold under any circumstances unless the purchaser is personally known to the seller or shall present clear evidence of [his] **the purchaser's** identity.

(5)  A true record in triplicate shall be made of every firearm sold, in a book kept for the purpose, the form of which may be prescribed by the Pennsylvania State Police, and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other, and shall contain the information required by section 6111 [of this title].

(6)  No firearm [or imitation thereof, or placard advertising the sale thereof,] **as defined in section 6102 (relating to definitions)** shall be displayed in any part of any premises where it can readily be seen from the outside. In the event that the Commissioner of the Pennsylvania State Police shall find a clear and present danger to public safety within [the] **this** Commonwealth or any area thereof, firearms[, rifles and shotguns] shall be stored [by licensee during the hours when licensee is closed for business] **and** safeguarded pursuant to regulations to be established by the Pennsylvania State Police **by the licensee during the hours when the licensee is closed for business.**

(7)  **The dealer shall possess all applicable current revenue licenses.**

(b)  Fee.--The fee for issuing said license shall be [$10] **$30**, which fee shall be paid into the county treasury.

(c)  Revocation.--Any license granted under subsection (a) of this section may be revoked **for cause** by the person issuing the same, upon written notice to the holder thereof.

(d)  **Definitions.--For the purposes of this section only unless otherwise specifically provided, the term "firearm" shall include any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.**
§ 6114.  Judicial review.

The action of the chief of police, sheriff, county treasurer or other officer under this subchapter shall be subject to judicial review in the manner and within the time provided by [the Local Agency Law] **2 Pa.C.S. Ch. 7 Subch. B (relating to judicial review of local agency action)**. A judgment sustaining a refusal to grant a license shall not bar, after one year, a new application; nor shall a judgment in favor of the petitioner prevent the defendant from thereafter revoking or refusing to renew such license for any proper cause which may thereafter occur. The court shall have full power to dispose of all costs.

§ 6115.  Loans on, or lending or giving firearms prohibited.

[No person shall make any loan secured by mortgage, deposit, or pledge of a firearm; nor shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this subchapter.]

**(a)  Offense defined.--No person shall make any loan secured by mortgage, deposit or pledge of a firearm, nor, except as provided in subsection (b), shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this subchapter.**

**(b)  Exception.--**

**(1)  Subsection (a) shall not apply if any of the following apply:**

**(i)  The person who receives the firearm is licensed to carry a firearm under section 6109 (relating to licenses).**

**(ii)  The person who receives the firearm is exempt from licensing.**

**(iii)  The person who receives the firearm is engaged in a hunter safety program certified by the Pennsylvania Game Commission or a firearm training program or competition sanctioned or approved by the National Rifle Association.**

**(iv)  The person who receives the firearm meets all of the following:**

**(A)  Is under 18 years of age.**

**(B)  Pursuant to section 6110.1 (relating to possession of firearm by minor) is under the supervision, guidance and instruction of a responsible individual who:**

**(I)  is 21 years of age or older; and**

**(II)  is not prohibited from owning or possessing a firearm under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).**

**(v)  The person who receives the firearm is lawfully hunting or trapping and is in compliance with the provisions of Title 34 (relating to game).**

**(vi)  A bank or other chartered lending institution is able to adequately secure firearms in its possession.**

**(2)  Nothing in this section shall be construed to prohibit the transfer of a firearm under 20 Pa.C.S. Ch. 21 (relating to intestate succession) or by bequest if the individual receiving the firearm is not precluded from owning or possessing a firearm under section 6105.**

**(3)  Nothing in this section shall be construed to prohibit the loaning or giving of a firearm to another in one's dwelling or place of business if the firearm is retained within the dwelling or place of business.**

§ 6116.  False evidence of identity.

[No person shall, in purchasing or otherwise securing delivery of a firearm or in applying for a license to carry the same, give false information or offer false evidence of his identity. The] **In addition to any other penalty provided in this chapter, the furnishing of false information or offering false evidence of**

identity is a violation of section 4904 (relating to unsworn falsification to authorities).

§ 6117.  Altering or obliterating marks of identification.

(a)  Offense defined.--No person shall change, alter, remove, or obliterate the [name of the maker, model,] manufacturer's number[,] or other mark of identification [on any] **integral to the frame or receiver of any** firearm **which shall have the same meaning as provided in section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).**

(b)  Presumption.--Possession of any firearm[,] upon which any such mark shall have been changed, altered, removed[,] or obliterated[,] shall be prima facie evidence that the possessor has changed, altered, removed[,] or obliterated the same.

**(c)  Penalty.--A violation of this section constitutes a felony of the second degree.**

**(d)  Appellate review.--If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.**

§ 6118.  Antique firearms.

(a)  General rule.--This subchapter shall not apply to antique firearms.

(b)  Exception.--Subsection (a) shall not apply to the extent that such antique firearms, reproductions or replicas of firearms are concealed weapons as provided in section 6106 (relating to firearms not to be carried without a license), nor shall it apply to the provisions of section 6105 (relating to [former convict not to own a firearm, etc.] **persons not to possess, use, manufacture, control, sell or transfer firearms**) if such antique firearms, reproductions or replicas of firearms are suitable for use.

(c)  Definition.--[For the purpose of] **As used in** this section, **the term** "antique firearm" means:

(1)  any firearm, including any firearm with a matchlock, flintlock, percussion cap or similar type of ignition system, manufactured on or before 1898; and

(2)  any replica of any firearm described in paragraph (1) if such replica:

(i)  is not designed or redesigned for using [rim fire] **rimfire** or conventional center fire fixed ammunition; or

(ii)  uses [rim fire] **rimfire** or conventional center fire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

Section 9.  Title 18 is amended by adding a section to read:

**§ 6125.  Distribution of uniform firearm laws and firearm safety brochures.**

**(a)  General rule.--It shall be the duty of the Pennsylvania State Police to distribute to every licensed firearm dealer in this Commonwealth copies of this subchapter. A copy of this subchapter shall be provided without charge by every licensed firearm dealer to every firearm, shotgun or rifle purchaser.**

**(b)  Safety brochures.--It shall be the duty of the Pennsylvania State Police to distribute to every licensed firearm dealer in this Commonwealth copies of firearm safety brochures. The brochures shall be written by the Pennsylvania State Police with the cooperation of the Pennsylvania Game Commission and written to provide for the safe use and operation of firearms, shotguns or rifles. The brochures shall be provided, without charge, by every licensed firearm dealer to every firearm, shotgun or rifle purchaser.**

Section 10.  Section 6308 of Title 42 is amended by adding a subsection to read:

§ 6308.  Law enforcement records.
  * * *
  **(e)  Pennsylvania State Police registry.--**
    **(1)   The contents of law enforcement records and files
concerning a child shall not be disclosed to the public except if
the child is 14 years of age or older at the time of the alleged
conduct and if any of the following apply:**
      **(i)   The child has been adjudicated delinquent by a
court as a result of an act or acts which constitute a crime
of violence as defined in 18 Pa.C.S. § 6102 (relating to
definitions) or any offense enumerated in 18 Pa.C.S. § 6105
(relating to persons not to possess, use, manufacture,
control, sell or transfer firearms).**
      **(ii)   A petition alleging delinquency has been filed by
a law enforcement agency alleging that the child has
committed an act or acts which constitute a crime of
violence as defined in 18 Pa.C.S. § 6102 or any offense
enumerated in 18 Pa.C.S. § 6105 and the child previously has
been adjudicated delinquent by a court as a result of an act
or acts which included the elements of one of such crimes.**
      **(iii)   The child is a dangerous juvenile offender.**
    **(2)   Notwithstanding any provision of this section, the
contents of law enforcement records and files concerning any
child adjudicated delinquent for the commission of any criminal
activity described in paragraph (1) shall be recorded in the
registry of the Pennsylvania State Police for the limited
purposes of 18 Pa.C.S. Ch. 61 (relating to firearms and other
dangerous articles).**
  Section 11.  Section 9712(a) and (e) of Title 42 are amended to
read:
§ 9712.  Sentences for offenses committed with firearms.
  (a)   Mandatory sentence.--Any person who is convicted in any
court of this Commonwealth of murder of the third degree, voluntary
manslaughter, rape, involuntary deviate sexual intercourse, robbery
as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to
robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1)
(relating to aggravated assault) or kidnapping, or who is convicted
of attempt to commit any of these crimes, shall, if the person
visibly possessed a firearm **or a replica of a firearm, whether or
not the firearm or replica was loaded or functional, that placed the
victim in reasonable fear of death or serious bodily injury,** during
the commission of the offense, be sentenced to a minimum sentence of
at least five years of total confinement notwithstanding any other
provision of this title or other statute to the contrary. **Such
persons shall not be eligible for parole, probation, work release or
furlough.**
  * * *
  [(e)   Definition of firearm.--As used in this section "firearm"
means any weapon (including a starter gun) which will or is designed
to or may readily be converted to expel a projectile by the action
of an explosive or the expansion of gas therein.]
  **(e)   Definitions.--As used in this section, the following words
and phrases shall have the meanings given to them in this
subsection:**
  **"Firearm."  Any weapon, including a starter gun, which will or is
designed to or may readily be converted to expel a projectile by the
action of an explosive or the expansion of gas therein.**
  **"Replica of a firearm."  An item that can reasonably be perceived
to be a firearm.**
  Section 12.  (a)   The sum of $1,200,000, or as much thereof as
may be necessary, is hereby appropriated to the Pennsylvania State
Police for the fiscal year July 1, 1995, to June 30, 1996, for the
administration of 18 Pa.C.S. Ch. 61 (relating to firearms and other
dangerous articles).

Case 2:20-cv-01582-WSS   Document 23-1   Filed 01/08/21   Page 38 of 56

    (b)  The appropriation in subsection (a) shall not lapse at the end of the fiscal year but shall continue for two fiscal years.
    Section 13.  This act shall take effect in 120 days.


APPROVED--The 13th day of June, A. D. 1995.

THOMAS J. RIDGE

# PSP Exhibit E
# 18 Pa. C.S. § 6106

§ 6106. Firearms not to be carried without a license, PA ST 18 Pa.C.S.A. § 6106

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

Purdon's Pennsylvania Statutes and Consolidated Statutes
  Title 18 Pa.C.S.A. Crimes and Offenses (Refs & Annos)
    Part II. Definition of Specific Offenses (Refs & Annos)
      Article G. Miscellaneous Offenses (Refs & Annos)
        Chapter 61. Firearms and Other Dangerous Articles (Refs & Annos)
          Subchapter A. Uniform Firearms Act (Refs & Annos)

18 Pa.C.S.A. § 6106

§ 6106. Firearms not to be carried without a license

Effective: December 16, 2008
Currentness

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

**(b) Exceptions.--**The provisions of subsection (a) shall not apply to:

(1) Constables, sheriffs, prison or jail wardens, or their deputies, policemen of this Commonwealth or its political subdivisions, or other law-enforcement officers.

(2) Members of the army, navy, marine corps, air force or coast guard of the United States or of the National Guard or organized reserves when on duty.

(3) The regularly enrolled members of any organization duly organized to purchase or receive such firearms from the United States or from this Commonwealth.

(4) Any persons engaged in target shooting with a firearm, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, the firearm is not loaded.

(5) Officers or employees of the United States duly authorized to carry a concealed firearm.

(6) Agents, messengers and other employees of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.

(7) Any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business.

(8) Any person while carrying a firearm which is not loaded and is in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair, sale or appraisal or back to his home or place of business, or in moving from one place of abode or business to another or from his home to a vacation or recreational home or dwelling or back, or to recover stolen property under section 6111.1(b)(4) (relating to Pennsylvania State Police), or to a place of instruction intended to teach the safe handling, use or maintenance of firearms or back or to a location to which the person has been directed to relinquish firearms under 23 Pa.C.S. § 6108 (relating to relief) or back upon return of the relinquished firearm or to a licensed dealer's place of business for relinquishment pursuant to 23 Pa.C.S. § 6108.2 (relating to relinquishment for consignment sale, lawful transfer or safekeeping) or back upon return of the relinquished firearm or to a location for safekeeping pursuant to 23 Pa.C.S. § 6108.3 (relating to relinquishment to third party for safekeeping) or back upon return of the relinquished firearm.

(9) Persons licensed to hunt, take furbearers or fish in this Commonwealth, if such persons are actually hunting, taking furbearers or fishing as permitted by such license, or are going to the places where they desire to hunt, take furbearers or fish or returning from such places.

(10) Persons training dogs, if such persons are actually training dogs during the regular training season.

(11) Any person while carrying a firearm in any vehicle, which person possesses a valid and lawfully issued license for that firearm which has been issued under the laws of the United States or any other state.

(12) A person who has a lawfully issued license to carry a firearm pursuant to section 6109 (relating to licenses) and that said license expired within six months prior to the date of arrest and that the individual is otherwise eligible for renewal of the license.

(13) Any person who is otherwise eligible to possess a firearm under this chapter and who is operating a motor vehicle which is registered in the person's name or the name of a spouse or parent and which contains a firearm for which a valid license has been issued pursuant to section 6109 to the spouse or parent owning the firearm.

(14) A person lawfully engaged in the interstate transportation of a firearm as defined under 18 U.S.C. § 921(a)(3) (relating to definitions) in compliance with 18 U.S.C. § 926A (relating to interstate transportation of firearms).

(15) Any person who possesses a valid and lawfully issued license or permit to carry a firearm which has been issued under the laws of another state, regardless of whether a reciprocity agreement exists between the Commonwealth and the state under section 6109(k), provided:

(i) The state provides a reciprocal privilege for individuals licensed to carry firearms under section 6109.

(ii) The Attorney General has determined that the firearm laws of the state are similar to the firearm laws of this Commonwealth.

(16) Any person holding a license in accordance with section 6109(f)(3).

**(c) Sportsman's firearm permit.--**

(1) Before any exception shall be granted under paragraph (b)(9) or (10) of this section to any person 18 years of age or older licensed to hunt, trap or fish or who has been issued a permit relating to hunting dogs, such person shall, at the time of securing his hunting, furtaking or fishing license or any time after such license has been issued, secure a sportsman's firearm permit from the county treasurer. The sportsman's firearm permit shall be issued immediately and be valid throughout this Commonwealth for a period of five years from the date of issue for any legal firearm, when carried in conjunction with a valid hunting, furtaking or fishing license or permit relating to hunting dogs. The sportsman's firearm permit shall be in triplicate on a form to be furnished by the Pennsylvania State Police. The original permit shall be delivered to the person, and the first copy thereof, within seven days, shall be forwarded to the Commissioner of the Pennsylvania State Police by the county treasurer. The second copy shall be retained by the county treasurer for a period of two years from the date of expiration. The county treasurer shall be entitled to collect a fee of not more than $6 for each such permit issued, which shall include the cost of any official form. The Pennsylvania State Police may recover from the county treasurer the cost of any such form, but may not charge more than $1 for each official permit form furnished to the county treasurer.

(2) Any person who sells or attempts to sell a sportsman's firearm permit for a fee in excess of that amount fixed under this subsection commits a summary offense.

**(d) Revocation of registration.--**Any registration of a firearm under subsection (c) of this section may be revoked by the county treasurer who issued it, upon written notice to the holder thereof.

**(e) Definitions.--**

(1) For purposes of subsection (b)(3), (4), (5), (7) and (8), the term "firearm" shall include any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of the weapon.

(2) As used in this section, the phrase "place of instruction" shall include any hunting club, rifle club, rifle range, pistol range, shooting range, the premises of a licensed firearms dealer or a lawful gun show or meet.

**Credits**
1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. Amended 1973, Oct. 12, P.L. 283, No. 81, § 1, effective June 6, 1973; 1986, July 8, P.L. 442, No. 93, § 2, eff. July 1, 1987; 1988, Dec. 19, P.L. 1275, No. 158, § 1, effective in 180 days; 1995, Nov. 22, P.L. 621, No. 66, § 4, imd. effective; 1997, April 22, P.L. 73, No. 5, § 1, effective in 60 days; 2000, Dec. 20, P.L. 728,

§ 6106. Firearms not to be carried without a license, PA ST 18 Pa.C.S.A. § 6106

No. 101, § 3, effective in 60 days; 2005, Nov. 10, P.L. 335, No. 66, § 3, effective in 180 days [May 9, 2006]; 2008, Oct. 17, P.L. 1628, No. 131, § 2, effective in 60 days [Dec. 16, 2008].

Notes of Decisions (277)

18 Pa.C.S.A. § 6106, PA ST 18 Pa.C.S.A. § 6106
Current through 2020 Regular Session Act 95. Some statute sections may be more current, see credits for details.

**End of Document**                                           © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# PSP Exhibit F
# 18 Pa. C.S. § 6107

§ 6107. Prohibited conduct during emergency, PA ST 18 Pa.C.S.A. § 6107

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Purdon's Pennsylvania Statutes and Consolidated Statutes
Title 18 Pa.C.S.A. Crimes and Offenses (Refs & Annos)
Part II. Definition of Specific Offenses (Refs & Annos)
Article G. Miscellaneous Offenses (Refs & Annos)
Chapter 61. Firearms and Other Dangerous Articles (Refs & Annos)
Subchapter A. Uniform Firearms Act (Refs & Annos)

18 Pa.C.S.A. § 6107

§ 6107. Prohibited conduct during emergency

Effective: December 16, 2008
Currentness

**(a) General rule.--**No person shall carry a firearm upon the public streets or upon any public property during an emergency proclaimed by a State or municipal governmental executive unless that person is:

(1) Actively engaged in a defense of that person's life or property from peril or threat.

(2) Licensed to carry firearms under section 6109 (relating to licenses) or is exempt from licensing under section 6106(b) (relating to firearms not to be carried without a license).

**(b) Seizure, taking and confiscation.--**Except as otherwise provided under subsection (a) and notwithstanding the provisions of 35 Pa.C.S. Ch. 73 (relating to Commonwealth services) or any other provision of law to the contrary, no firearm, accessory or ammunition may be seized, taken or confiscated during an emergency unless the seizure, taking or confiscation would be authorized absent the emergency.

**(c) Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Accessory." Any scope, sight, bipod, sling, light, magazine, clip or other related item that is attached to or necessary for the operation of a firearm.

"Firearm." The term includes any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any weapon.

**Credits**
1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. Amended 1995, June 13, P.L. 1024, No. 17 (Spec. Sess. No. 1), § 2, effective in 120 days; 2008, Oct. 17, P.L. 1628, No. 131, § 3, effective in 60 days [Dec. 16, 2008].

Notes of Decisions (1)

18 Pa.C.S.A. § 6107, PA ST 18 Pa.C.S.A. § 6107
Current through 2020 Regular Session Act 95. Some statute sections may be more current, see credits for details.

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# PSP Exhibit G
# 18 Pa. C.S. § 6109

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Purdon's Pennsylvania Statutes and Consolidated Statutes
　Title 18 Pa.C.S.A. Crimes and Offenses (Refs & Annos)
　　Part II. Definition of Specific Offenses (Refs & Annos)
　　　Article G. Miscellaneous Offenses (Refs & Annos)
　　　　Chapter 61. Firearms and Other Dangerous Articles (Refs & Annos)
　　　　　Subchapter A. Uniform Firearms Act (Refs & Annos)

18 Pa.C.S.A. § 6109

§ 6109. Licenses

Effective: August 29, 2011
Currentness

(a) **Purpose of license.**--A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth.

(b) **Place of application.**--An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth. If the applicant is a resident of this Commonwealth, he shall make application with the sheriff of the county in which he resides or, if a resident of a city of the first class, with the chief of police of that city.

(c) **Form of application and content.**--The application for a license to carry a firearm shall be uniform throughout this Commonwealth and shall be on a form prescribed by the Pennsylvania State Police. The form may contain provisions, not exceeding one page, to assure compliance with this section. Issuing authorities shall use only the application form prescribed by the Pennsylvania State Police. One of the following reasons for obtaining a firearm license shall be set forth in the application: self-defense, employment, hunting and fishing, target shooting, gun collecting or another proper reason. The application form shall be dated and signed by the applicant and shall contain the following statement:

I have never been convicted of a crime that prohibits me from possessing or acquiring a firearm under Federal or State law. I am of sound mind and have never been committed to a mental institution. I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief. I understand that, if I knowingly make any false statements herein, I am subject to penalties prescribed by law. I authorize the sheriff, or his designee, or, in the case of first class cities, the chief or head of the police department, or his designee, to inspect only those records or documents relevant to information required for this application. If I am issued a license and knowingly become ineligible to legally possess or acquire firearms, I will promptly notify the sheriff of the county in which I reside or, if I reside in a city of the first class, the chief of police of that city.

(d) **Sheriff to conduct investigation.**--The sheriff to whom the application is made shall:

(1) investigate the applicant's record of criminal conviction;

(2) investigate whether or not the applicant is under indictment for or has ever been convicted of a crime punishable by imprisonment exceeding one year;

(3) investigate whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(4) investigate whether the applicant would be precluded from receiving a license under subsection (e)(1) or section 6105(h) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms); and

(5) conduct a criminal background, juvenile delinquency and mental health check following the procedures set forth in section 6111 (relating to sale or transfer of firearms), receive a unique approval number for that inquiry and record the date and number on the application.

**(e) Issuance of license.--**

(1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:

(i) An individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety.

(ii) An individual who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. [1]

(iii) An individual convicted of a crime enumerated in section 6105.

(iv) An individual who, within the past ten years, has been adjudicated delinquent for a crime enumerated in section 6105 or for an offense under The Controlled Substance, Drug, Device and Cosmetic Act.

(v) An individual who is not of sound mind or who has ever been committed to a mental institution.

(vi) An individual who is addicted to or is an unlawful user of marijuana or a stimulant, depressant or narcotic drug.

(vii) An individual who is a habitual drunkard.

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

(ix) A resident of another state who does not possess a current license or permit or similar document to carry a firearm issued by that state if a license is provided for by the laws of that state, as published annually in the Federal Register by the Bureau of Alcohol, Tobacco and Firearms of the Department of the Treasury under 18 U.S.C. § 921(a)(19) (relating to definitions).

(x) An alien who is illegally in the United States.

(xi) An individual who has been discharged from the armed forces of the United States under dishonorable conditions.

(xii) An individual who is a fugitive from justice. This subparagraph does not apply to an individual whose fugitive status is based upon nonmoving or moving summary offense under Title 75 (relating to vehicles).

(xiii) An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105.

(xiv) An individual who is prohibited from possessing or acquiring a firearm under the statutes of the United States.

(2) Deleted by 1995, June 13, No. 17 (Spec. Sess. No. 1), § 2, effective in 120 days.

(3) The license to carry a firearm shall be designed to be uniform throughout this Commonwealth and shall be in a form prescribed by the Pennsylvania State Police. The license shall bear the following:

(i) The name, address, date of birth, race, sex, citizenship, height, weight, color of hair, color of eyes and signature of the licensee.

(ii) The signature of the sheriff issuing the license.

(iii) A license number of which the first two numbers shall be a county location code followed by numbers issued in numerical sequence.

(iv) The point-of-contact telephone number designated by the Pennsylvania State Police under subsection (*l*).

(v) The reason for issuance.

(vi) The period of validation.

(4) The sheriff shall require a photograph of the licensee on the license. The photograph shall be in a form compatible with the Commonwealth Photo Imaging Network.

(5) The original license shall be issued to the applicant. The first copy of the license shall be forwarded to the Pennsylvania State Police within seven days of the date of issue. The second copy shall be retained by the issuing authority for a period of seven years. Except pursuant to court order, both copies and the application shall, at the end of the seven-year period, be destroyed unless the license has been renewed within the seven-year period.

**(f) Term of license.--**

(1) A license to carry a firearm issued under subsection (e) shall be valid throughout this Commonwealth for a period of five years unless extended under paragraph (3) or sooner revoked.

(2) At least 60 days prior to the expiration of each license, the issuing sheriff shall send to the licensee an application for renewal of license. Failure to receive a renewal application shall not relieve a licensee from the responsibility to renew the license.

(3) Notwithstanding paragraph (1) or any other provision of law to the contrary, a license to carry a firearm that is held by a member of the United States Armed Forces or the Pennsylvania National Guard on Federal active duty and deployed overseas that is scheduled to expire during the period of deployment shall be extended until 90 days after the end of the deployment.

(4) Possession of a license, together with a copy of the person's military orders showing the dates of overseas deployment, including the date that the overseas deployment ends, shall constitute, during the extension period specified in paragraph (3), a defense to any charge filed pursuant to section 6106 (relating to firearms not to be carried without a license) or 6108 (relating to carrying firearms on public streets or public property in Philadelphia).

**(g) Grant or denial of license.--**Upon the receipt of an application for a license to carry a firearm, the sheriff shall, within 45 days, issue or refuse to issue a license on the basis of the investigation under subsection (d) and the accuracy of the information contained in the application. If the sheriff refuses to issue a license, the sheriff shall notify the applicant in writing of the refusal and the specific reasons. The notice shall be sent by certified mail to the applicant at the address set forth in the application.

**(h) Fee.--**

(1) In addition to fees described in paragraphs (2)(ii) and (3), the fee for a license to carry a firearm is $19. This includes all of the following:

(i) A renewal notice processing fee of $1.50.

(ii) An administrative fee of $5 under section 14(2) of the act of July 6, 1984 (P.L. 614, No. 127),[2] known as the Sheriff Fee Act.

(2) Expired May 9, 2011, pursuant to 2005, Nov. 10, P.L. 335, No. 66, § 3.

(3) An additional fee of $1 shall be paid by the applicant for a license to carry a firearm and shall be remitted by the sheriff to the Firearms License Validation System Account, which is hereby established as a special restricted receipt account within the General Fund of the State Treasury. The account shall be used for purposes under subsection (*l*). Moneys credited to the account and any investment income accrued are hereby appropriated on a continuing basis to the Pennsylvania State Police.

(4) No fee other than that provided by this subsection or the Sheriff Fee Act may be assessed by the sheriff for the performance of any background check made pursuant to this act.

(5) The fee is payable to the sheriff to whom the application is submitted and is payable at the time of application for the license.

(6) Except for the administrative fee of $5 under section 14(2) of the Sheriff Fee Act, all other fees shall be refunded if the application is denied but shall not be refunded if a license is issued and subsequently revoked.

(7) A person who sells or attempts to sell a license to carry a firearm for a fee in excess of the amounts fixed under this subsection commits a summary offense.

(i) **Revocation.**--A license to carry firearms may be revoked by the issuing authority for good cause. A license to carry firearms shall be revoked by the issuing authority for any reason stated in subsection (e)(1) which occurs during the term of the permit. Notice of revocation shall be in writing and shall state the specific reason for revocation. Notice shall be sent by certified mail to the individual whose license is revoked, and, at that time, notice shall also be provided to the Pennsylvania State Police by electronic means, including e-mail or facsimile transmission, that the license is no longer valid. An individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice. An individual whose license is revoked may appeal to the court of common pleas for the judicial district in which the individual resides. An individual who violates this section commits a summary offense.

(i.1) **Notice to sheriff.**--Notwithstanding any statute to the contrary:

(1) Upon conviction of a person for a crime specified in section 6105(a) or (b) or upon conviction of a person for a crime punishable by imprisonment exceeding one year or upon a determination that the conduct of a person meets the criteria specified in section 6105(c)(1), (2), (3), (5), (6) or (9), the court shall determine if the defendant has a license to carry firearms issued pursuant to this section. If the defendant has such a license, the court shall notify the sheriff of the county in which that person resides, on a form developed by the Pennsylvania State Police, of the identity of the person and the nature of the crime or conduct which resulted in the notification. The notification shall be transmitted by the judge within seven days of the conviction or determination.

(2) Upon adjudication that a person is incompetent or upon the involuntary commitment of a person to a mental institution for inpatient care and treatment under the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act, or upon involuntary treatment of a person as described under section 6105(c)(4), the judge of the court of common

pleas, mental health review officer or county mental health and mental retardation administrator shall notify the sheriff of the county in which that person resides, on a form developed by the Pennsylvania State Police, of the identity of the person who has been adjudicated, committed or treated and the nature of the adjudication, commitment or treatment. The notification shall be transmitted by the judge, mental health review officer or county mental health and mental retardation administrator within seven days of the adjudication, commitment or treatment.

(j) **Immunity.**--A sheriff who complies in good faith with this section shall be immune from liability resulting or arising from the action or misconduct with a firearm committed by any individual to whom a license to carry a firearm has been issued.

(k) **Reciprocity.**--

(1) The Attorney General shall have the power and duty to enter into reciprocity agreements with other states providing for the mutual recognition of a license to carry a firearm issued by the Commonwealth and a license or permit to carry a firearm issued by the other state. To carry out this duty, the Attorney General is authorized to negotiate reciprocity agreements and grant recognition of a license or permit to carry a firearm issued by another state.

(2) The Attorney General shall report to the General Assembly within 180 days of the effective date of this paragraph and annually thereafter concerning the agreements which have been consummated under this subsection.

(l) **Firearms License Validation System.**--

(1) The Pennsylvania State Police shall establish a nationwide toll- free telephone number, known as the Firearms License Validation System, which shall be operational seven days a week, 24 hours per day, for the purpose of responding to law enforcement inquiries regarding the validity of any Pennsylvania license to carry a firearm.

(2) Notwithstanding any other law regarding the confidentiality of information, inquiries to the Firearms License Validation System regarding the validity of any Pennsylvania license to carry a firearm may only be made by law enforcement personnel acting within the scope of their official duties.

(3) Law enforcement personnel outside this Commonwealth shall provide their originating agency identifier number and the license number of the license to carry a firearm which is the subject of the inquiry.

(4) Responses to inquiries by law enforcement personnel outside this Commonwealth shall be limited to the name of the licensee, the validity of the license and any information which may be provided to a criminal justice agency pursuant to Chapter 91 (relating to criminal history record information).

(m) **Inquiries.**--

(1) The Attorney General shall, not later than one year after the effective date of this subsection and not less than once annually, contact in writing the appropriate authorities in any other state which does not have a current reciprocity agreement with the Commonwealth to determine if:

(i) the state will negotiate a reciprocity agreement;

(ii) a licensee may carry a concealed firearm in the state; or

(iii) a licensee may apply for a license or permit to carry a firearm issued by the state.

(2) The Attorney General shall maintain a current list of those states which have a reciprocity agreement with the Commonwealth, those states which allow licensees to carry a concealed firearm and those states which allow licensees to apply for a license or permit to carry a firearm. This list shall be posted on the Internet, provided to the Pennsylvania State Police and made available to the public upon request.

**(m.1) Temporary emergency licenses.--**

(1) A person seeking a temporary emergency license to carry a concealed firearm shall submit to the sheriff of the county in which the person resides all of the following:

(i) Evidence of imminent danger to the person or the person's minor child. For purposes of this subparagraph, the term "minor" shall have the same meaning as provided in 1 Pa.C.S. § 1991 (relating to definitions).

(ii) A sworn affidavit that contains the information required on an application for a license to carry a firearm and attesting that the person is 21 years of age or older, is not prohibited from owning firearms under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms) or any other Federal or State law and is not currently subject to a protection from abuse order or a protection order issued by a court of another state.

(iii) In addition to the provisions of subsection (h), a temporary emergency license fee established by the Commissioner of the Pennsylvania State Police for an amount that does not exceed the actual cost of conducting the criminal background check or $10, whichever is less.

(iv) An application for a license to carry a firearm on the form prescribed pursuant to subsection (c).

(2) Upon receipt of the items required under paragraph (1), the sheriff immediately shall conduct a criminal history, juvenile delinquency and mental health record check of the applicant pursuant to section 6105. Immediately upon receipt of the results of the records check, the sheriff shall review the information and shall determine whether the applicant meets the criteria set forth in this subsection. If the sheriff determines that the applicant has met all of the criteria, the sheriff shall immediately issue the applicant a temporary emergency license to carry a concealed firearm.

(3) If the sheriff refuses to issue a temporary emergency license, the sheriff shall specify the grounds for the denial in a written notice to the applicant. The applicant may appeal the denial or challenge criminal records check results that were the basis of the denial, if applicable, in the same manner as a denial of a license to carry a firearm under this section.

(4) A temporary emergency license issued under this subsection shall be valid for 45 days and may not be renewed. A person who has been issued a temporary emergency license under this subsection shall not be issued another temporary emergency license unless at least five years have expired since the issuance of the prior temporary emergency license. During the 45 days the temporary emergency license is valid, the sheriff shall conduct an additional investigation of the person for the purposes of determining whether the person may be issued a license pursuant to this section. If, during the course of this investigation, the sheriff discovers any information that would have prohibited the issuance of a license pursuant to this section, the sheriff shall be authorized to revoke the temporary emergency license as provided in subsection (i).

(5) The temporary emergency license issued pursuant to this section shall be consistent with the form prescribed in subsection (e)(3), (4) and (5). In addition to the information provided in those paragraphs, the temporary emergency license shall be clearly marked "Temporary."

(6) A person who holds a temporary emergency license to carry a firearm shall have the same rights to carry a firearm as a person issued a license to carry a firearm under this section. A licensee under this subsection shall be subject to all other duties, restrictions and penalties under this section, including revocation pursuant to subsection (i).

(7) A sheriff who issues a temporary emergency license to carry a firearm shall retain, for the entire period during which the temporary emergency license is in effect, the evidence of imminent danger that the applicant submitted to the sheriff that was the basis for the license, or a copy of the evidence, as appropriate.

(8) A person applying for a temporary emergency license shall complete the application required pursuant to subsection (c) and shall provide at the time of application the information required in paragraph (1).

(9) Prior to the expiration of a temporary emergency license, if the sheriff has determined pursuant to investigation that the person issued a temporary emergency license is not disqualified and if the temporary emergency license has not been revoked pursuant to subsection (i), the sheriff shall issue a license pursuant to this section that is effective for the balance of the five-year period from the date of the issuance of the temporary emergency license. Records and all other information, duties and obligations regarding such licenses shall be applicable as otherwise provided in this section.

(10) As used in this subsection, the term "evidence of imminent danger" means:

(i) a written document prepared by the Attorney General, a district attorney, a chief law enforcement officer, judicial officer or their designees describing the facts that give a person reasonable cause to fear a criminal attack upon the person or the person's minor child. For the purposes of this subparagraph, the term "chief law enforcement officer" shall have the same meaning as provided in 42 Pa.C.S. § 8951 (relating to definitions) and "judicial officer" shall have the same meaning as provided in 42 Pa.C.S. § 102 (relating to definitions).

(ii) a police report.

(m.2) Inconsistent provisions.--Notwithstanding the provisions of section 7506 (relating to violation of rules regarding conduct on Commonwealth property), 75 Pa.C.S. § 7727 (relating to additional limitations on operation) or the act of June 28, 1995 (P.L.

89, No. 18),[3] known as the Conservation and Natural Resources Act, and regulations promulgated under that act, a firearm may be carried as provided in subsection (a) by:

(1) a law enforcement officer whose current identification as a law enforcement officer shall be construed as a valid license to carry a firearm; or

(2) any licensee.

**(m.3) Construction.--**Nothing in this section shall be construed to:

(1) Permit the hunting or harvesting of any wildlife with a firearm or ammunition not otherwise permitted by 34 Pa.C.S. (relating to game).

(2) Authorize any Commonwealth agency to regulate the possession of firearms in any manner inconsistent with the provisions of this title.

**(n) Definition.--**As used in this section, the term "licensee" means an individual who is licensed to carry a firearm under this section.

**Credits**
1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. Amended 1986, April 17, P.L. 82, No. 28, § 1, effective Jan. 1, 1987; 1988, Dec. 19, P.L. 1275, No. 158, § 1, effective in 180 days; 1995, June 13, P.L. 1024, No. 17 (Spec. Sess. No. 1), § 2, effective in 120 days; 1995, Nov. 22, P.L. 621, No. 66, § 4 imd. effective; 1997, April 22, P.L. 73, No. 5, § 1, effective in 60 days; 1998, June 18, P.L. 503, No. 70, § 3, imd. effective; 2005, Nov. 10, P.L. 335, No. 66, § 3; 2008, Oct. 17, P.L. 1628, No. 131, § 4, effective in 60 days [Dec. 16, 2008]; 2011, June 28, P.L. 48, No. 10, § 6, effective in 60 days [Aug. 29, 2011].

Notes of Decisions (81)

**Footnotes**

1        35 P.S. § 780-101 et seq.
2        42 P.S. § 21114(2).
3        71 P.S. § 1340.101 et seq.
18 Pa.C.S.A. § 6109, PA ST 18 Pa.C.S.A. § 6109
Current through 2020 Regular Session Act 95. Some statute sections may be more current, see credits for details.

**End of Document**                                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.