IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISON M. LARA, et al.,<br><br>   *Plaintiffs,*<br><br> v.<br><br>COL. ROBERT EVANCHICK, Commissioner of Pennsylvania State Police,<br><br>   *Defendant.* | Civil Action No.:<br>2:20-cv-01582 |

**UNOPPOSED MOTION OF GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE AND CEASEFIRE PENNSYLVANIA
EDUCATION FUND FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**

   Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and CeaseFire Pennsylvania Education Fund ("CeaseFirePA") respectfully move for leave to file the attached *amicus curiae* brief in support of Defendant's Response to Plaintiffs' Motion for Preliminary Injunction (ECF No. 25). Giffords Law Center has discussed this motion with both parties, and neither party opposes this motion.[1]

   1. *Amicus curiae* Giffords Law Center is a non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to effectively reduce gun violence. The organization was founded more than a quarter-century ago following a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in October 2017 after joining forces with the gun-safety organization founded by former Congresswoman Gabrielle Giffords. Today, Giffords Law Center provides free assistance and expertise to lawmakers, advocates, legal professionals, law enforcement officials, and citizens who seek to improve the safety of their communities. Giffords Law Center has provided informed analysis as an *amicus* in many firearm-

---

[1] Plaintiffs do not oppose this motion and Defendant takes no position.

related cases, including in *Mitchell* v. *Atkins*, 2020 WL 5106723 (W.D. Wash. Aug. 31, 2020), *Hirschfeld* v. *Bureau of Alcohol, Tobacco, Firearms & Explosives*, 417 F. Supp. 3d 747 (W.D. Va. 2019), *District of Columbia* v. *Heller*, 554 U.S. 570 (2008), *McDonald* v. *City of Chicago*, 561 U.S. 742 (2010), *Ass'n N.J. Rifle & Pistol Clubs* v. *AG N.J.*, 910 F.3d 106 (3d Cir. 2018), and *Drummond* v. *Robinson Township*, Case No. 20-1722 (3d Cir. *amicus* brief filed Aug. 13, 2020).[2]

2.   CeaseFirePA is a statewide organization working with mayors, police chiefs, faith leaders, community organizations, and individual Pennsylvanians to take a stand against gun violence in Pennsylvania.  Through outreach, education, coalition building, and advocacy, CeaseFirePA works to reduce gun violence in Pennsylvania communities, stop the flow of illegal guns onto Pennsylvania streets, and keep guns out of the hands of people who should not have them.  CeaseFirePA teaches Pennsylvanians that together they can raise their voices for change. CeaseFirePA holds educational programs to demystify the citizen activism process and teach the basics of advocacy.  CeaseFirePA empowers partners and supporters to share their opinions and stories and make their voices heard on the issues of gun violence and gun violence prevention.

3.   Giffords Law Center and CeaseFirePA have expertise with laws restricting firearm carry, purchase, and possession by minors under the age of 21 and also represent the interests of citizens who benefit from those laws.[3] The organizations' proposed *amicus* brief, attached to this

---

[2]   Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings.  *E.g.*, *Hirschfeld*, 417 F. Supp. 3d at 754, 759; *Ass'n of N.J. Rifle & Pistol Clubs* v. *AG N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue* v. *Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel* v. *Sessions*, 879 F.3d 198, 204, 208, 210 (6th Cir. 2018); *Peruta* v. *Cty. of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (*en banc*) (Graber, J., concurring).  Giffords Law Center filed the latter two briefs under its former name, the Law Center to Prevent Gun Violence.

[3]   *See, e.g.*, *Minimum Age to Purchase & Possess*, GIFFORDS LAW CENTER, https://lawcenter.giffords.org/gun-laws/policy-areas/who-can-have-a-gun/minimum-age/ (last visited Jan. 11, 2021).

motion, identifies neuroscience and social science research that shows that the public carry of firearms by 18-to-20-year-olds presents a disproportionate public safety risk, especially in states of emergency. This research confirms that there is a reasonable fit between Pennsylvania's restrictions on 18-to-20-year-olds' ability to carry and transport firearms during states of emergency and the state's important interest in public safety.

4. "[D]istrict courts have inherent authority to allow *amici* to participate in proceedings." *Kitzmiller* v. *Dover Area Sch. Dist.*, 2005 WL 2736500, at *1 (M.D. Pa. Oct. 24, 2005); *see also Wharton* v. *Vaughn*, 2020 WL 733107, at *5 (E.D. Pa. Feb. 12, 2020) ("Because participation of amicus curiae is for the benefit of the court, it is solely within the court's discretion to determine the fact, extent, and manner of the participation." (internal quotation marks omitted)).

5. The Court's discretion may be informed by Federal Rule of Appellate Procedure 29, which requires explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The appellate rule allows prospective *amici curiae* to submit a proposed brief accompanied by a motion for leave to file up to "7 days after the . . . principal brief is filed." Fed. R. App. P. 29(a)(6).

6. "An *amicus*, of course, is not a party to the litigation and participates only to assist the court. Nevertheless, by the nature of things an *amicus* is not normally impartial" and "there is no rule . . . that *amici* must be totally disinterested." *Waste Mgmt. of Pennsylvania, Inc.* v. *City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation marks omitted). Indeed, the Third Circuit has rejected the proposition that "a strong advocate cannot truly be the court's friend," reasoning that any such "suggestion is contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party

can truly serve as the court's friend." *Neonatology Assocs., P.A.* v. *Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002); *see also Funbus Sys., Inc.* v. *State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (reasoning that it is "a perfectly permissible role for an amicus" to "take a legal position and present legal arguments in support of it").

7. Furthermore, *amici curiae* with policy and social science expertise, like Giffords Law Center and CeaseFirePA, often assist courts through so-called "Brandeis briefs," a "well-known technique for asking the court to take judicial notice of social facts," including empirical evidence. *McCleskey* v. *Kemp*, 753 F.2d 877, 888 (11th Cir. 1985), *aff'd*, 481 U.S. 279 (1987). The organizations' proposed brief presents and attaches several publicly available social science studies, which the Court may properly consider at this stage of the proceedings. *See, e.g.*, *Duncan* v. *Becerra*, 265 F. Supp. 3d 1106, 1122 (S.D. Cal. 2017) (in Second Amendment case, considering social science research and subjecting an empirical survey to "careful[] review for purposes of the motion for preliminary injunction"); *see also Papasan* v. *Allain*, 478 U.S. 265, 268 n.1 (1986) (at motion to dismiss stage, courts may consider "items in the public record").

8. Giffords Law Center and CeaseFirePA's participation as *amici curiae* is desirable because both organizations have substantial expertise with minimum-age restrictions like those at issue in this case and the relevant data and social science demonstrating their effectiveness. The important constitutional principles at stake here—including Pennsylvania's ability to protect public safety through calibrated firearm regulations—are fundamental to the mission of both organizations and critically important to their supporters. The proposed *amicus* brief can help the Court evaluate the parties' claims by presenting data and social science that support Pennsylvania's restrictions on 18-to-20-year-olds' ability to carry and transport firearms during states of emergency.

\* \* \*

For the foregoing reasons, Giffords Law Center and CeaseFirePA respectfully request that the Court grant its motion to file an *amicus curiae* brief.

| | |
|---|---|
| Dated: January 12, 2021 | Respectfully submitted, |
| | /s/ *James Davy* |
| *Of Counsel for* Amicus Curiae *Giffords Law Center to Prevent Gun Violence:* | James Davy (PA # 321631) ALL RISE TRIAL & APPELLATE P.O. Box 15216 |
| J. Adam Skaggs GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE 223 West 38th St. # 90 New York, NY 10018 (917) 680-3473 | Philadelphia, PA 19125 (609) 273-5008 jimdavy@allriselaw.org *Counsel for* Amici Curiae *Giffords Law Center to Prevent Gun Violence and CeaseFire Pennsylvania Education Fund* |
| Hannah Shearer GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE 268 Bush St. # 555 San Francisco, CA 94104 (415) 433-2062 | |
| Robert A. Sacks Angela N. Ellis Leonid Traps Jackson Froliklong Rachel H. VanGelder SULLIVAN & CROMWELL LLP 125 Broad Street New York, NY 10004-2498 (212) 558-4000 | |