IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MADISON M. LARA et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 2:20-cv-01582 |
| : | |
| **COL. ROBERT EVANCHICK,** : | |
| Commissioner of Pennsylvania : | |
| State Police : | |
| : | |
| Defendant. : | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF TWENTY PAGES

Pursuant to this Court's Practices and Procedures, Part II, Plaintiffs respectfully move this Court for leave to file a brief opposing Defendant's Motion to Dismiss Complaint (ECF No. 23) that is equal in length to the Brief in Support of Defendant's Motion to Dismiss Complaint (ECF No. 24)—thirty-six pages. Counsel for Plaintiffs has discussed this motion with opposing counsel, and Defendant consents to this motion.

This Court's Practices and Procedures provide that "[b]riefs in support of and opposing dispositive motions should not exceed twenty (20) pages, excluding tables." Practices & Procedures II.C. Defendant's brief, however, is almost twice the maximum length, exceeding twenty pages by another sixteen pages.[1] This violation leaves Plaintiffs at a distinct disadvantage,

---

[1] This is not the only one of this Court's Practices and Procedures that Defendant disregarded in filing his Motion to Dismiss. In this Court, "[a] motion . . . shall affirmatively state whether the motion has been discussed with all other parties, and their position as to the relief sought." Practices and Procedures II.A. Moreover, "[i]f a party elects to file a Rule 12 motion, counsel for the movant shall meet and confer with opposing counsel before filing the motion to determine if any purported defects with the Complaint can be cured by amendment." *Id.* II.B. And

bound not to go to equal lengths in opposing Defendant's Motion as he went in supporting it. To restore an equal playing field, Plaintiffs respectfully move this Court to allow Plaintiffs to file a brief in opposition that does not exceed thirty-six pages, equal in length to the Brief in Support of Defendant's Motion to Dismiss Complaint.[2]

Dated: January 19, 2021

Respectfully submitted,

s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
John D. Ohlendorf*
Haley N. Proctor*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Adam Kraut, Esq.*
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342
akraut@fpclaw.org

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@CivilRightsDefenseFirm.com
(888) 202-9297 ext. 81114
(610) 400-8439 (fax)

*Appearing *pro hac vice*     *Attorneys for Plaintiffs*

---

"[a] motion to dismiss must be accompanied by a certificate stating that the movant has made a good faith effort to confer with opposing counsel to determine whether the identified pleading deficiencies may be cured by amendment." *Id.* Defendant has not complied with any of these requirements.

[2] In the event that the Court denies Plaintiffs leave to file a brief not exceeding thirty-six pages, it should require Defendant to refile in compliance with this Court's page limit.